■ In the Matter of the Claim of JOSEPHINE LONG, Respondent, v. NEW YORK TELEPHONE COMPANY, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— GIBSON, P. J. Appeal by the self-insured employer from a decision which (1) found that claimant, a telephone switchboard operator, suffers a continuing partial disability from an elbow injury sustained many years before and (2) made an award on the basis of reduced earnings; as against appellant's contention, as set forth in its application for review of the Referee's decision, that, although it "does not dispute the existence of some * * * disability in the claimant's *left* arm * * * the evidence does not support a finding of 50% disability and does not support a conclusion that she could not operate a CAMA board * * * which only requires the use of her *right* arm." Appellant's brief frames the issue in this court as whether

there was substantial evidence of a condition disabling claimant from accepting appellant's offer of employment as a CAMA board operator. It is undisputed that claimant sustained an injury which treatment and therapy of various kinds over a long period of time, followed by surgical intervention, failed to cure; that she was awarded and paid compensation for intermittent periods of disability during 13 years; and that there remains disability in some degree, accompanied by pain. Concededly, too, she could not resume her work at a regular telephone switchboard; but appellant contends, with support in its medical proof, that she could operate a CAMA board which allegedly requires the use of but one arm to depress keys so as to record calling numbers received aurally through a headset to an average of 100 or more per hour, while the operator sits in place for a 7½-hour day less two 15-minute relief periods and one hour for lunch. A neuropsychiatrist reported and testified that claimant's complaints, including those of pain, impressed him as genuine; that "she is suffering from a functional overlay on her underlying orthopedic condition * * * that her condition is causally related and she is severely partially disabled." The doctor's conclusion that because of a lower than normal threshold of anxiety, attributable to pain and of other emotional stresses, she should not undertake the "tedious and tension producing" work offered, seems to us to have been rationally grounded and presented, or so the board could, and apparently did, find. Appellant's remaining contentions are largely peripheral and in any event insubstantial. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in a memorandum decision by Gibson, P. J.