In the Matter of the Claim of MARY L. STEINER, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— REYNOLDS, J. Appeal by the claimant from a decision of the Unemployment Insurance Appeal Board holding claimant ineligible to receive benefits effective May 16, 1967 on the ground that she was not available for employment (Labor Law, § 591, subd. 2). Claimant was discharged from her employment as a stenographer on April 28, 1967 solely because she was pregnant. Despite the imminence of her confinement (the expected date was July 20), claimant made an effort to seek employment. The board, however, found that the credible evidence established that "claimant was not genuinely attached to the labor market during the period of her pregnancy." While it does not appear from its decision that the board rejected claimant's assertions as to the extent of her efforts in search of employment it characterized them as "meager", "token in nature", "designed solely to qualify her for benefits" and "unrealistic". Of course,

the mere fact that a woman is pregnant would not automatically disqualify her from the availability of benefits (*Matter of Evans* [*Lubin*], 5 A D 2d 737). However, whether a given claimant is in fact available for employment, and particularly as such is demonstrated by the sincerity of her efforts, is a question of fact to be determined by the board (e.g., *Matter of Natoli* [*Catherwood*], 27 A D 2d 972). After considering the entire record and weighing inferences in favor of the board's decision, it is only where this court can say that the decision rendered is not supported by substantial evidence that we are warranted in disturbing the board's resolution of factual issues (Labor Law, § 623). Concededly, claimant made some attempt to secure employment but, applying the standard of review just indicated to the instant case, we cannot say that her efforts were such that the board could not find them insufficient and thus that she was not available for employment (e.g., *Matter of Cyprus* [*Catherwood*], 29 A D 2d 811). Decision affirmed, without costs. Herlihy, J. P., Reynolds and Staley, Jr., JJ., concur in a memorandum by Reynolds, J. Aulisi and Gabrielli, JJ., dissent, and vote to reverse and remit, in a memorandum by Gabrielli, J. Gabrielli, J. (dissenting). The decision should be reversed and the matter remitted to the Unemployment Insurance Appeal Board for further proceedings. Claimant was, as the majority correctly points out, discharged from her employment because of her pregnancy with birth of the expected child to occur some three months later. There can be no dispute that claimant made a real and sincere effort to seek employment. We cannot agree with the board's determination that her efforts in search of employment were "meager", "token in nature", "designed solely to qualify her for benefits" and "unrealistic", for the record clearly reveals that the claimant attempted to secure work through employment agencies, examining and following through on newspaper "Help Wanted" columns, visits and phone calls to prospective employers and even approaching various factory offices though they had not advertised for help. We fail to see what more possibly she could do and we must conclude, as we did in *Matter of Evans* [*Lubin*] (5 A D 2d 737), that the board's determination that she had made no real effort to obtain employment is not supported by substantial evidence.