■ In the Matter of the Claim of DURWARD DYKE, JR., Respondent, v. GREAT ATLANTIC & PACIFIC TEA Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— COOKE, J. Appeal from a decision of the Workmen's Compensation Board, filed March 14, 1969, which found a continuing causally related disability and awarded compensation benefits at the temporary rate of $40 per week from April 19, 1968 to July 15, 1968, with instructions to the carrier to continue payments at said rate. Claimant, a young man employed at a canning and food processing plant, sustained a back injury on March 14, 1967 while loading empty 50-gallon drums onto a truck. The right to compensation was not controverted and, previously, benefits were paid at the total disability rate for divers periods up to November 6, 1967. Although the employer's report of injury listed his position as general laborer and the employee's claim for compensation stated that his regular work was unloading trucks and cleaning the warehouse, claimant testified that his regular activity at the time of injury was polishing candy. When he returned to employment following the accident, the polishing work was discontinued and he was assigned the tasks of a starch boy, which he could not do because of the entailed lifting. When laid off, claimant tried unsuccessfully to secure lighter work from another employer and the proof shows that he had never done office work and had never gone further than the ninth grade in school. There is no warrant to disturb the board's determination since there was substantial proof on which it could find that claimant's inability to secure employment was not due solely to economic conditions but, rather, that his back condition was partly responsible for his inability to perform as a starch boy or find other employment (*Matter of Rigatti* v. *Lollo & Sons*, 31 A D 2d 871; *Matter of Haar* v. *Strauss-Duparquet*, 29 A D 2d 726, mot. for lv. to app. den. 21 N Y 2d 646). In *Matter of Roberts* v. *General Elec. Co.* (6 A D 2d 43), relied upon by appellants, the evidence indicated that claimant's lack of employment was due solely to compulsory retirement, rather than even partially to his disability. Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Cooke, J.