In the Matter of the Claim of Rocco MAZZIOTTO, Respondent, *v.* BROOKFIELD CONSTRUCTION Co., INC., Appellant, and MICHIGAN MUTUAL INS. Co. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, December 28, 1972.

246

*Francis T. Esposito* (*Minore & Manes,* by *Joseph F. Manes,* of counsel), for appellant.

*Louis J. Lefkowitz, Attorney-General* (*Morris N. Lissauer* and *Daniel P\olansky* of counsel), for Workmen's Compensation Board, respondent.

*Per Curiam.* This is an appeal by the employer, Brookfield Construction Co., Inc., from a decision of the Workmen's Compensation Board, filed December 17, 1970, which found the claimant to have a permanent partial disability and awarded compensation for lost wages subsequent to his retirement from the appellant's employment on November 12, 1966.

The record establishes that claimant suffered accidental injuries to his back in 1957, 1963 and October 27, 1965. At the time of the 1965 accident he was employed by appellant as a construction worker. He was totally disabled because of back pain until May of 1966 when he returned to work for the appellant as a foreman. On November 1, 1966 the employer had no more work so claimant was laid off. The claimant became 65 on November 12, 1966 and he then applied for social security retirement and his union pension. He testified that at age 65 his union required retirement and he could no longer take union jobs.

The board, by its decision dated December 17, 1970, found " that claimant has a permanent partial disability resulting from all three accidents and that claimant did not voluntarily remove himself from the labor market." By a decision dated May 19, 1971, the board found, *inter alia,* " No compensable lost time 5-24-66 to 11-1-66."

The appellant contends that the record does not contain substantial evidence of medical disability causally related to the 1965 accident, but such argument is without merit. The finding of the board that claimant has a permanent partial disability resulting from all three accidents is supported by substantial evidence.

The appellant further contends that the evidence in the record does not support the finding of lost wages after retirement.

The record establishes that claimant had a permanent partial disability precluding heavy or hard work at the time of his retirement. It is established that his loss of wages commencing November 1, 1966 was entirely unrelated to any disability as he lost his then employment because of economic conditions. The record also establishes that claimant's ability to perform light work in his trade is restricted because of rules regarding his union pension. At the hearing held in January of 1969 the claimant denied receiving any wages for employment since November 1, 1966. However, at the review hearing before the board the record contained forms showing that the claimant had earned from the same employer $450 in 1967, $1,560 in 1968 and $1,560 in 1969. It is to be noted that subsequent to the loss of employment on November 1, 1966, the claimant drew unemployment insurance benefits for 26 weeks. The claimant also testified that he did not look for work after November 1, 1966.

The evidence in this record establishes that the claimant withdrew from the labor market in November of 1966 and thereafter accepted only such employment as was restricted and compatible with his retirement. The record does not contain any substantial evidence to support the board's finding that the claimant did not voluntarily withdraw from the labor market. The fact of a permanent partial disability from heavy work would upon its face permit an inference of lost wages from such disability. However, that inference is not sufficient to overcome the direct and positive proof herein, not questioned by the board, that claimant's loss of wages is caused solely by factors unrelated to his disability. Where the proof clearly establishes that claimant's separation from work was because of a union regulation that he could no longer be employed after 65 years of age and that his income was limited by social security regulations, the burden of proof is upon the claimant of clearly establishing that it was not such regulations but that his separation from work was due to a compensable disability (cf. *Matter of Boyle* v. *Gatti,* 40 A D 2d 1063 [decided herewith]).

In this case as in *Matter of Roberts* v. *General Elec. Co.* (6 A D 2d 43, 45) there has been a failure of proof as to employment seeking efforts and refusals of employment related to the disability. In the *Roberts* case there was at least some evidence of seeking employment, whereas in the present case the only evidence is to the effect that the claimant either did not seek employment or that he sought only such employment as would not interfere with his retirement benefits. The cases relied upon by the respondent board all involved proof upon which the board could find that the disability contributed to the loss of wages after retirement. The lack of any such evidence in the present record requires reversal of the award.

It does not appear that either as a matter of economics or of social legislation there was any intention that the Workmen's Compensation Law would be utilized as a supplement to retirement benefits. An award based upon the present record could be justified only as a retirement supplement without any reasonable connection between the disability and any supposed loss of wages.

The decision should be reversed, and claim dismissed, with costs.

HERLIHY, P. J., GREENBLOTT, SWEENEY, KANE and REYNOLDS, JJ., concur.

Decision reversed and claim dismissed, with costs.