■ In the Matter of the Claim of Ross BOYLE, Respondent, v. C. J. GATTI, Respondent. SPECIAL FUND FOR REOPENED CASES, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent. — Appeal by the Special Fund for Reopened Cases, under section 25-a of the Workmen's Compensation Law, from a decision of the Workmen's Compensation Board, filed October 15, 1971, which affirmed an award of compensation benefits to the claimant. Claimant, a mason for many years, suffered a compensable back injury in 1960. An award was then made, and claimant was classified as having a permanent partial disability. He has since been unable to resume masonry work but, after undergoing vocational rehabilitation, was able to find employment as an engineering administrator. During the ensuing 10 years, the case was closed and reopened several times with a number of awards for intermittent lost time. It is undisputed that claimant continues to suffer a permanent partial disability causally related to the 1960 injury. The case was most recently reopened after claimant was laid off on August 30, 1970 due, according to claimant's testimony, to a reduction in the employer's work force. An award was made for the period from September 1, 1970 to April 27, 1971, which is the subject of this appeal. Although the immediate cause of claimant's loss of his most recent employment was a reduction in work force owing to economic conditions, claimant would still be entitled to compensation if his back condition was a limiting factor in his search for employment, and, therefore, partly responsible for his inability to find other employment (*Matter of Dyke* v. *Great Atlantic & Pacific Tea Co.*, 34 A D 2d 713; *Matter of Haar* v. *Strauss-Duparquet*, 29 A D 2d 726, mot. for lv. to app. den. 21 N Y 2d 646). "'The fact claimant retires or is laid off from his job does not preclude an award where there is a subsequent loss of wage-earning capacity which is due to claimant's disability rather than to old age, general economic conditions or other factors unconnected with his disability.' (*Matter of O'Connell* v. *New York State Workmen's Compensation Bd.*, 14 A D 2d 945, mot. for lv. to app. den. 11 N Y 2d 641 * * *)" *Matter of Luizzi* v. *Tobin Packing Co.*, 29 A D 2d 1016, 1017; cf. *Matter of Mazziotto* v. *Brookfield Constr. Co.*, 40 A D 2d 245). Here, however, there is no evidence whatsoever tending to establish a relationship between claimant's disability and his failure to find work. "There is no testimony, for instance, that claimant 'coupled his request for employment with notice that the labor must be light' (*Matter of Jordan* v. *Decorative Co.*, 230 N. Y. 522, 525)" (*Matter of Roberts* v. *General Elec. Co.* 6 A D 2d 43, 45). Claimant merely testified that he had sought other employment and that if he were to find another job in "the same category" as his last

employment, he would be able to perform such work. The matter must be remitted for additional evidence and findings on the issue of causation. Decision reversed, without costs, and matter remitted to the Workmen's Compensation Board for further proceedings not inconsistent herewith. Herlihy, P. J., Greenblott, Sweeney, Kane and Reynolds, JJ., concur.