■ In the Matter of WILLIAM HYERS, Respondent, v. WELLS FUEL OIL Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board, filed March 6, 1973, which held that claimant has a continuing causally related partial disability resulting in reduced post-retirement earnings. Claimant, a truck driver employed in delivering fuel oil, sustained multiple injuries on January 18, 1970 when he slipped and fell on some icy brick steps while putting a delivery slip in the mail box of a customer. Claimant was hospitalized until January 27, 1970 and when he returned to work on February 17, 1970 was given lighter work assignments by his employer. Despite such lighter assignments, claimant's leg and back continued to bother him and thus he decided he could no longer continue even this work and retired on April 1, 1971. Since he was then 56 and eligible for a service pension, claimant chose this form of retirement benefit over a disability retirement which would have brought him lower benefits. Appellants dispute the board's decision on the grounds that there is not substantial evidence to support the finding of continuing causally related partial disability and alternatively that claimant retired voluntarily and not because of any disability. We cannot agree with appellants' contentions. Claimant testified that his physical condition continued to bother him so as to prevent him not only from performing his regular job but also even the lighter work assigned him on his return to employment, and there is medical testimony that indicates that claimant's disability limited him to performing light, sedentary work. There is thus substantial evidence to support the board's finding that claimant's accidental disability caused or contributed to reduced earnings after retirement and the award must, therefore, be sustained (e.g. *Matter of Yankoski v. Carborundum Co.*, 32 A D 2d 593). Claimant's election of a service pension which would provide higher benefits and which his union recommended rather than a disability retirement does not preclude an award. It is evident that claimant selected the option of service retirement solely because it provided him more benefits and not as an act signifying his voluntary retirement from the labor market. Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J. Staley, Jr., Greenblott, Main and Reynolds, JJ., concur.