In the Matter of GILLIAN MILLER, Respondent, v. PAN AMERICAN WORLD AIRWAYS et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board which awarded the claimant compensation for causally related partial disability from January 29, 1970 to March 7, 1972. There is no dispute that claimant, a flight stewardess, sustained an accidental injury under section 48 of the Workmen's Compensation Law for which total and partial disability were awarded and paid for periods between January 31, 1966 and January 29, 1970. Moreover, claimant's gastrointestinal condition resulted in the necessity of surgery for removal of her right kidney and a partial ureterectomy and eventually prevented her return to her position as a flight stewardess. Appellants concede this but urge that claimant was, nevertheless, not entitled to the benefits at issue because her reduced earnings were not due to her disability but voluntary withdrawal from the labor market. Appellants, in support of this contention, assert that claimant was well educated, 'that, after her operation on February 4, 1966, she was married on March 12, 1966, has since had two children, and moved to Montauk, Long Island, where her husband has a successful boat yard, and that her counsel even conceded that she had retired from the labor market. Where, as here, a claimant has a permanent partial disability, such disability permits an inference of lost wages therefrom (Matter of Mazziotto v. Brookfield Constr. Co., 40 A D 2d 245, 247). However, while such an inference is not sufficient to overcome direct and positive proof that a claimant's loss of wages is caused solely by old age, general economic conditions or other factors unrelated to the disability (e.g., Matter of Boyle v. Gatti, 40 A D 2d 1063; Matter of Mazziotto v. Brookfield Constr. Co., supra, p. 247; Matter of O'Connell v. New York State Workmen's Compensation Bd., 14 A D 2d 945, mot. for lv. to app. den. 11 N Y 2d 641), in the instant case there is clearly substantial medical testimony that claimant could not continue to work as an airline stewardess and was limited to work conducive to her permanent physical impairment. There is also proof in the record that she tried unsuccessfully to find such work and that her physical condition would constitute a limiting factor in any future search for employment. On this state of the record it cannot be said that her wage loss was solely due to factors unrelated to her disability or was entirely voluntary (e.g., Matter of Rigatti v. Lollo & Sons, 31 A D 2d 871; cf. Matter of Fromm v. Rochester Tel. Corp., 22 A D 2d 728), and the board's decision must, therefore, be upheld. Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Staley, Jr., Sweeney, Kane and Reynolds, JJ., concur.