■ EUGENE HARTMAN, Respondent, v W. H. DUNNE COMPANY, Doing Business as VICTORY CHAIN STORE, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed May 13, 1974, which found claimant's loss of earnings subsequent to April 30, 1973 attributable to his partial disability. On October 25, 1948 claimant sustained a compensable back injury. On January 16, 1952 he started working for a concern which employed handicapped persons. He was paid compensation for partial disability until November 2, 1972 when it was determined that there were no reduced earnings. On April 30, 1973 claimant was compelled to retire upon reaching age 65. The sole issue for our determination is whether there is substantial evidence to support the board's finding that claimant's reduction in earnings was attributable to his partial disability. The record reveals that the carrier's physician stated in a letter, dated May 20, 1954, "It is my opinion that Mr. Hartman has a partial disability as the result of his injury of October 25, 1948 which would limit him to light work or a fifty per cent disability. This is probably permanent." There is also proof of claimant's efforts to find other employment. Considering the record in its entirety, we are of the opinion that there is substantial evidence to sustain the board's decision. *(Matter of Miller v Pan Amer. World Airways,* 46 AD2d 718; *Matter of Boyle v Gatti,* 40 AD2d 1063.) Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Sweeney, Kane, Main and Larkin, JJ., concur.

■ In the Matter of the Claim of SYLVIA MILLER, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 15, 1975, which affirmed the decision of a referee sustaining the initial determination of the Industrial Commissioner holding claimant ineligible to receive benefits effective January 27, 1975 because she was not available for employment. The board has found that claimant's job efforts were meager in nature. There is substantial evidence to support this determination which is a question of fact in the sole province of the board *(Matter of Bennett [Catherwood],* 33 AD2d 946). Decision affirmed, without costs. Herlihy, P. J., Sweeney, Kane, Koreman and Larkin, JJ., concur.