■ JULIUS LARKE, Respondent, v BELL AEROSYSTEMS, DIVISION BELL AEROSPACE CORPORATION, et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed February 14, 1974, which found causal relation between claimant's disability and his loss of earnings after January 16, 1970. Claimant sustained a compensable back injury on May 22, 1967. There were intermittent periods of total disability thereafter for which he was compensated. A myelogram was performed in October of 1967 indicating a disc protrusion. On July 13, 1971 he was classified as having a mild permanent partial disability. Although claimant was laid off from work during certain periods in 1970, he testified that he had to stop work in January of 1970 because his back was giving him so much trouble, he could not work. Claimant further testified that from March to October, 1970 he had a lot of pain in the lower back and down the left leg. He tried to find other employment during such time, but to no avail. He was again laid off in December, 1970, and in January, 1971, changed his college studies from night school to full-time day, still continuing, however, to look for work while pursuing a college degree. Claimant's medical witness testified that with the disc protrusion, claimant was limited in the type of work he could do. On this record the board could find that claimant could not find work, at least in part, because of his back condition; that he did not voluntarily withdraw from the labor market; and his disability and lost time after January 16, 1970 were causally related to the accidental injury. *(Matter of Miller v Pan Amer. World Airways,* 46 AD2d 718; *Matter of Lovell v Berman's Motor Express,* 35 AD2d 765.) Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Sweeney, Kane and Main, JJ., concur; Larkin, J., dissents and votes to reverse in the following memorandum: Larkin, J. (dissenting). I respectfully dissent. Where, as here, the claimant has a permanent partial disability, such disability permits an inference of lost wages from said disability *(Matter of Mazziotto v Brookfield Constr. Co.,* 40 AD2d 245). Such an inference is not sufficient, however, to overcome direct and positive proof that a claimant's loss of wages is caused solely by old age, general economic conditions or other factors unrelated to the disability *(Matter of Boyle v Gatti,* 40 AD2d 1063). When a person, such as the claimant herein, becomes a full-time college student, he effectively removes himself from the labor market. On this record, there is no reasonable connection between the disability and any supposed loss of wages. The decision should be reversed, and the claim dismissed.