■ In the Matter of the Claim of LINDA KRYJAK, Appellant. PHILIP Ross, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 2, 1975, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner holding claimant ineligible to receive benefits effective February 3, 1975 because she was not available for employment. Claimant was advised to leave her rather strenuous job by her doctor because of her pregnancy. Claimant thereupon quit work on January 31, 1975. The doctor further told her that she should not work after the end of April, 1975. The board found that claimant's efforts to find work between February 3 and February 27 were perfunctory and meager and that her employer contacts subsequent to February 27 were token in nature. The board further held that claimant did not show a reasonable attachment to the labor market and, therefore, was ineligible for benefits, at least up to the date of the hearing. The issue of whether the efforts of the claimant to secure employment are sufficiently diligent to satisfy the statutory requirement of availability is a question of fact to be determined by the board and such a finding, if sustained by substantial evidence, must be affirmed by this court (Matter of Miller [Levine], 50 AD2d 643). The claimant admittedly did not keep a list of her job efforts during the period in question and at the hearing could not remember whom she had contacted for jobs from February 3 through February 27. She further admitted she received an information booklet which instructed her to keep a list of her job efforts. Claimant now contends that her attention should have been specifically directed to the requirement that she keep a list of her job efforts and that, notwithstanding her signed statement that she understood she had to keep such a

list, the failure of the employment office to specifically warn her warrants a reversal herein. With this contention we cannot agree. The board's determination as to her failure to seek employment during the first weeks of unemployment and her lack of realistic efforts to find employment during the subsequent weeks is supported by this record. The board found, and the record indicates, that the claimant applied for work for which she had no experience or for jobs that required training, although as the board stated, "it was unlikely that an employer would be willing to hire claimant for a job which would require training in view of claimant's stage of pregnancy". Decision affirmed, without costs. Greenblott, J. P., Kane, Larkin, Herlihy and Reynolds, JJ., concur.