■ In the Matter of the Claim of JUDITH GOLS, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 1, 1976, which affirmed the decision of a referee sustaining the initial determination of the Industrial Commissioner holding claimant ineligible to receive benefits effective June 3, 1976 on the ground that she was not available for employment. Claimant was employed as an order clerk until April, 1976 when she was released by her employer due to her pregnancy. The board found that in 1976 between June 3 and June 10 claimant made four job efforts; between June 10 and June 18 she made no efforts; between June 18 and June 29 she made a number of efforts; and that after June 29 she remained close to her home. Although claimant's expected date of confinement was June 30, 1976 she appeared personally at her hearing on July 14, 1976 and had not yet given birth. Whether claimant's efforts were sufficiently diligent to satisfy the statutory requirements of availability is a question of fact for the board's determination and its findings thereon must be affirmed by this court if supported by substantial evidence (Matter of Kryjak [Ross], 53 AD2d 796). Upon review of the record we are of the opinion that substantial evidence supports the board's findings of unavailability during most of the time period in question. Concerning the period between June 18 and June 29, however, we find no such substantial evidence to support the board's determination. In the findings of fact, adopted by the board, the referee states that between June 18 and June 29, "claimant made a number of

efforts but at that time she expected to be delivered any day." The board's only apparent basis for finding claimant unavailable for employment between June 18 and June 29 was the fact that she was in her ninth month of pregnancy. The fact that a woman is pregnant, however, does not automatically disqualify her from the availability of benefits *(Matter of Steiner [Catherwood],* 31 AD2d 669, affd 25 NY2d 819; *Matter of Evans [Lubin],* 5 AD2d 737). Claimant testified that her doctor told her she could work until she was "ready". The record indicates that during this period between June 18 and June 29 claimant was averaging two to three job efforts per day. Although the board recognized these increased job efforts, claimant was found unavailable for employment because "at that time she expected to be delivered any day." Since we are of the opinion that the board's finding of unavailability during the period from June 18 to June 29 was improperly based on the sole fact that claimant was pregnant, we conclude that the board's decision must be modified. Decision modified, by reversing so much thereof as found claimant unavailable for employment during the period from June 18, 1976 through June 29, 1976; matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith, and, as so modified, affirmed, with costs to appellant. Sweeney, J. P., Main, Larkin, Mikoll and Herlihy, JJ., concur.