■ In the Matter of the Claim of LEON TOPF, Respondent, v AMERICAN

CHARACTER DOLL & TOY CO., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed August 6, 1976. In 1961 claimant was found to have had a permanent partial disability and received the appropriate workmen's compensation benefits. Claimant, pursuant to a vocational rehabilitation program approved by the Workmen's Compensation Board, studied accounting. He was hired by the Cosmopolitan Mutual Insurance Company in January, 1966 and remained with that firm until November 29, 1974, when he was laid off because of adverse economic conditions. Claimant applied for and received Unemployment Insurance benefits and, thereafter, applied for and was awarded Workmen's Compensation benefits. At the time of the lay off the claimant was earning in excess of his established average weekly wage. On appeal, the board found "claimant was classified permanently partially disabled with rate at $50.00. For period January 1, 1974 to November 24, 1974, there were no reduced earnings until he stopped working on November 29, 1974. Even if claimant works, due to his classification, there has been no proof to the contrary that he has this disability. Accordingly, the referee decision is affirmed" (decision dated Aug. 6, 1976). From that decision, this appeal ensued. It is undisputed that the claimant continues to suffer a permanent partial disability causally related to his 1961 injury. Although the immediate cause of claimant's loss of his most recent employment was a reduction in work force owing to economic conditions, claimant would still be entitled to compensation if his disability was a limiting factor in the search for employment and, therefore, partly responsible for his inability to find other employment (*Matter of Dyke v Great Atlantic & Pacific Tea Co.*, 34 AD2d 713). Although it is true that where, as here, a claimant has a permanent partial disability such a disability permits an inference of lost wages (*Matter of Mazziotto v Brookfield Constr. Co.*, 40 AD2d 245), such inference is not sufficient to overcome direct proof that a claimant's loss of employment was caused solely by wage or economic conditions or other factors unrelated to his disability (*Matter of Schmitt v Alpha Delta Phi Fraternity House*, 33 AD2d 1082). We find no substantial evidence in this record to support the board's determination that the claimant's disability was caused or even "partly responsible" for his loss of employment and, thus, his reduced earnings. There is no substantial evidence tending to establish a relationship between the claimant's disability and his failure to find work. Claimant merely testified that he sought other employment unsuccessfully. The matter should be remitted for further evidence in this regard (*Matter of Boyle v Gatti*, 40 AD2d 1063). Decision reversed, with costs to appellant against the Workmen's Compensation Board, and matter remitted for further proceedings not inconsistent herewith. Mahoney, P. J., Kane, Main, Larkin and Mikoll, JJ., concur.