■   In the Matter of the Claim of JOSEPHINE BURCH, Respondent, v
ROLLWAY BEARING CO., INC., et al., Appellants. WORKMEN'S COMPENSATION
BOARD, Respondent.—Appeal from a decision of the Workmen's Compensa-
tion Board, filed December 28, 1976. In this case there was medical evidence
that claimant, after undergoing a laminectomy on January 30, 1973, occa-
sioned by a herniated disc sustained in her September 29, 1972 injury, had a
permanent marked partial disability which, although functional in large
part, resulted from her herniated disc injury and justified her refusal to
attempt certain light work offered her by her previous employer. Claimant's
attending physician, Dr. Lockwood, in March, 1973, found that her chances
of returning to work were very slim. He stated, "She is a woman forty-nine
years of age having a laminectomy with a herniated disc, the chances of
returning to work are very slight." However, she did return to work on
February, 1975, and continued to work until she was forced to stop working
because of pain. On October 8, 1974, Dr. Lockwood was of the opinion that

claimant "will not work" and that "she probably has a disability that justifies this." Dr. Lockwood reported, on examining claimant on December 28, 1974, it was his impression that claimant was "Totally disabled" at that time. He agreed with her reluctance to have another myelogram or further therapy. He gave her a permanent total disability although he found it to be basically a functional disability. Dr. A. I. Goldner examined for the board and reported that on February 27, 1975, claimant had a permanent marked partial disability and was of the opinion that "while there may be a functional component, in no way does it detract from the above opinion." The board determined that claimant had a marked permanent partial disability causally related to the accidental injury sustained, and that claimant had not withdrawn from the labor market. On this appeal appellants emphasize the functional basis of her disability as described in the various medical reports offered by both sides. Claimant was offered a described light work job by her employer in February, 1976, but did not attempt to perform it. She testified at a hearing before a referee held on April 22, 1976, that it was her feeling that she was not able to do the job offered because she was in pain all the time. Appellants assert that claimant thereby unreasonably refused work within her capacity and that this constituted a voluntary withdrawal from the labor market. If there is substantial evidence in the record to sustain the finding of the board, it must be affirmed. It was up to the board to resolve the conflicting medical evidence and to determine the reasonableness of claimant's refusal to perform the job offered her. The record contains evidence that claimant's job refusal was for reasons connected with her disability. Thus there is substantial evidence to support the board's determination *(Matter of Miller v Pan Amer. World Airways,* 46 AD2d 718; *Matter of Hyers v Wells Fuel Oil Co.,* 46 AD2d 704; *Matter of Long v New York Tel. Co.,* 27 AD2d 775; *Matter of Pokorny v Chadbourne Wallace, Parkes & Whiteside,* 14 AD2d 662). Decision affirmed, with costs to the Workmen's Compensation Board against the employer and its insurance carrier. Mahoney, P. J., Kane, Main, Larkin and Mikoll, JJ., concur.