■ In the Matter of the Claim of Mary Finocchio, Respondent, v W. A. White Underwear Corporation et al., Appellants. Workers' Compensation Board, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed January 16, 1976, which found that claimant had a permanent partial disability and awarded benefits for reduced earnings. In 1955, claimant, a sewing machine operator, sustained an injury in the course of her employment for which benefits were awarded. In 1963, claimant was found to have a permanent partial disability as a result of her 1955 accident. In 1974, the employer for whom claimant was then working went out of business. Claimant was thereafter unable to find work and the board found that claimant was still in the labor market, that she had a permanent partial disability and that she was entitled to an award for reduced earnings. This appeal ensued. It is appellants' contention that claimant's loss of earnings subsequent to her last employer going out of business were due solely to economic reasons and, therefore, she was not entitled to an award of compensation. While reduced earnings caused solely by economic conditions preclude an award, if a claimant's disability causes or contributes to the reduced earnings, then an award may be made *(Matter of Lovell v Berman's Motor Express,* 35 AD2d 765). Whether a claimant's disability causes or contributes to his reduced earnings is a question of fact for the board's determination and if supported by substantial evidence must be upheld *(Matter of Schmitt v Alpha Delta Phi Fraternity House,* 33 AD2d 1082). Although claimant's permanent partial disability is conceded, there is no proof in the record that her disability contributed to her reduced earnings after her last employer went out of business. There was no testimony by claimant that her search for employment was impaired by her disability. There is also insufficient proof in the record to establish that

claimant's reduced earnings were due solely to economic conditions. The present award, therefore, cannot be sustained and the matter must be remitted for additional findings concerning the cause of claimant's reduced earnings (*Matter of Topf v American Character Doll & Toy Co.,* 62 AD2d 1111; *Matter of Yamonaco v Union Carbide Corp.,* 42 AD2d 1014). Decision reversed, without costs, and matter remitted for further proceedings not inconsistent herewith. Sweeney, J. P., Staley, Jr., Main, Larkin and Mikoll, JJ., concur.