■ In the Matter of the Claim of PAULA FLAHERTY, Appellant. PHILIP Ross, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 8, 1978. On May 5, 1978 the claimant was required by her employer, an airline, to accept a temporary layoff from work because of her pregnancy. Her baby was due in October, 1978, and her original claim for benefits shows that she expects to return to work for the airline on January 27, 1979. The local office ruled her ineligible for benefits as of May 8, 1978 because her limitation of job efforts in seeking work from airlines was unrealistic and, thus, she was unavailable for employment. The claimant objected to the determination, but it was upheld by an Administrative Law Judge on June 16, 1978. The claimant did not appeal the June 16 decision. On June 20, 1978 she was interviewed at the local office and in addition to submitting a list of places she had contacted in person, the summary of interview notes that apparently she was given for the first time a form regarding the "Rights and Responsibilities of pregnant women". The interviewer on June 20, 1978 found her efforts inadequate as seeking work only in aviation and

he noted on the summary of interview: "It has been pointed out to her that she should explore possibilities in other areas." A formal initial determination of unavailability effective June 14, 1978 was issued. On June 27, 1978, the claimant was again interviewed and, in addition to submitting a list of places she had contacted, her summary of interview notes on her part: "I have expanded my search to other fields besides the airlines in hopes of improving my chances of hire." The local office representative noted on the June 27, 1978 summary of interview that in response to the prior decision of June 16, 1978 and her subsequent disqualification again on June 20, 1978, she was applying in many other fields than airlines and since the complaint to her on June 20 was that she was going to places that had not advertised, she was now going only to places that did advertise. The local office interpreted her efforts as only "token" and continued her disqualification as unavailable. The claimant objected to the initial determination effective June 14, 1978 and a hearing was held on July 18, 1978 to consider her work efforts subsequent to June 14, 1978 and the local office determination of unavailability. The Administrative Law Judge found that the claimant's efforts between June 14 and June 26 were insufficient even though they consisted of 20 in person contacts. The hearing officer fundamentally found her efforts to be unrealistic for that period, but the disqualification was removed as of June 27, 1978, it being found that her efforts as of that date were adequate. The claimant's fundamental objection to her disqualification for benefits based upon unavailability, in turn based upon inadequate job efforts, is that as a pregnant woman temporarily laid-off because of pregnancy, no prospective employer is interested in hiring her. The record demonstrates that other than her training in her job with her last employer as a "baggage service agent", the claimant has no particular skills. Of course, as a high school graduate, the hearing did disclose that probably she *could* do some filing and minor clerical work and, also, at a much younger age she had worked as a "counter girl" in a fast food restaurant. The claimant's appeal to the board was rejected by it when it adopted and affirmed the hearing officer's determination that the claimant's work activities prior to June 27, 1978 were inadequate to demonstrate availability for work, but claimant persists by her appeal to this court. The claimant in her *pro se* appeal does not rely upon the number of her efforts as demonstrating availability but rather attacks the board's position that such efforts as explained in the record do not constitute a diligent and genuine attempt to find employment. The fundamental issue presented by this appeal is whether or not the board in construing the statutory requirement of availability (Labor Law, § 591, subd 2) has arbitrarily applied it to the facts in this case so as to find claimant unavailable. The claimant's factual work efforts are undisputed and clearly they were not of such a nature as to exhaust all potential employment possibilities, but on the other hand, they were something more than minimal. Even the hearing officer conceded on the record that two in person contacts a day would be considerable and the claimant testified that on her reporting day—every Tuesday—she would have to report to the local office and it takes two or three hours of just waiting. The claimant quite succinctly articulated her problem with trying to be an obedient and law-abiding claimant in terms of eligibility for benefits at the hearing of July 18, 1978, as follows: "A. What do you [administrative agency] want me to do. First time I went, I didn't have a list. They said bring a list. I brought a list of the airlines I went to see. When I brought a list of the airlines I went to see, they said the airlines is too limited. Go elsewhere. Now I have everything from taxi drivers to camp

counselors to clerks and now you're telling me agencies. You want me to go see agencies, I'll put down a list of agencies. I will put down a list of agencies and then I'll go, but I just don't think it's fair, because I'm going back to American in January after I give birth. I feel you people are discriminating against me indirectly because I'm pregnant, and next time I'm bringing a lawyer, and it isn't fair because we all know that there are only certain places that will hire me, number one because I'm pregnant. All people think pregnant people are limited in capacity, and I'm leaving to give birth in October. What do you want me to do? I'll do it. It's not fair." The transcript of the July 18 hearing reveals that the claimant could perhaps have better spent her time seeking forms of employment other than the contacts she made. However, there is nothing in this record to suggest that her attempts were a farce or simply intended to be a token for purposes of eligibility. Realistically her pregnancy was a handicap to securing employment and her employment contact lists for the period at issue are an uncontradicted documentation of that handicap, "not hiring pregnant women"; "won't hire pregnant women as drivers"; "says it's not a good idea to hire a pregnant woman"; "won't hire pregnant women" *et cetera.* However, unlike the situation in many cases involving pregnant women and availability, the claimant did not seek to excuse her failure to secure work by simply asserting her pregnancy as an excuse, she did continue her attempts to secure employment (see *Matter of Gols [Ross],* 59 AD2d 994). To remove the finding of unavailability on June 27, 1978 as the board has done herein simply demonstrates the lack of substantial evidence to support a contrary finding for the period at issue herein. Decision reversed, with costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.