■ In the Matter of the Claim of JOSEPH BAHOR, Respondent, v NEW YORK TELEPHONE COMPANY, Appellant. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed September 30, 1981, which held that claimant did not voluntarily remove himself from the labor market and affirmed an award to him for a permanent partial disability. Claimant formerly worked for the employer herein as a telephone repairman, and upon his retirement on a pension at age 63 in February of 1979 he filed a claim for a compensation award based upon his partial disability and reduced earnings capacity which were allegedly related to an admittedly compensable accident in which he suffered a lower back derangement with severe lumbosacral strain on November 10, 1977. Thereafter, the self-insured employer contested the claim upon the grounds that claimant voluntarily withdrew from the labor market by retiring and that his retirement was not causally related to his earlier compensable injury. Following a hearing on the dispute, a workers' compensation law judge granted claimant a compensation award at a weekly rate of $95 on the basis of a 50% loss of earnings capacity, and his decision was subsequently affirmed by the board. The instant appeal ensued, and upon our examination of the record we find an absence of substantial evidence to support the board's determination that claimant's retirement was causally related to his November 10, 1977 compensable accident and that claimant did not voluntarily remove himself from the labor market by retiring. While claimant concededly has a permanent partial disability, given the evidence presented in this claim it likewise appears beyond dispute that claimant returned to work on January 8, 1979 in a medically approved position which involved restricted duty and for which his rate of pay was in no way reduced. Nonetheless claimant filed for retirement the following day without any medical consultation because he "just didn't feel up to [working]", and he never even consulted a physician thereafter until seven months later in August of 1979. Given such a record as this, particularly with its lack of any expert medical evidence indicating that claimant was incapable of performing the restricted duties of his position or that his retirement was causally related to his earlier compensable accident, the board's decision clearly does not have substantial evidentiary support, and, therefore, it cannot be sustained (cf. *Matter of Yamonaco v Union Carbide Corp.*, 42 AD2d 1014; *Matter of Mazziotto v Brookfield Constr. Co.*, 40 AD2d 245). Decision reversed, with costs to the self-insured employer against the Workers' Compensation Board, and matter remitted to the board for further proceedings not inconsistent herewith. Mahoney, P. J., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.