■ In the Matter of the Claim of STANLEY DUDLO, Respondent, v POLYTHERM PLASTICS et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Levine, J. Appeal from a decision of the Workers' Compensation Board, filed June 20, 1985.

Claimant sustained an injury to his left ankle in 1973 while employed by Polytherm Plastics (Polytherm) as a machine operator. He filed a claim for workers' compensation benefits and the employer's carrier paid for all subsequent medical treatment rendered in connection with that injury. However,

claimant resumed his regular duties as a machine operator on the day the accident occurred and remained in that position until 1977, when he was discharged for misconduct. Thereafter, he requested that his 1973 workers' compensation claim be reopened and contended that as a result of the disability sustained in 1973 he was unable to procure employment after his discharge. Polytherm and the carrier appeal from an award of benefits based upon a finding that claimant had sustained a permanent partial disability as a result of the 1973 accident which was a causal factor in his inability to find employment after his discharge.

Polytherm and the carrier contend that the finding that claimant's reduction in wages was attributable to his ankle disability was not supported by substantial evidence. We agree.

The conceded causal relationship between claimant's 1973 accident and his permanent partial disability gives rise to the inference that a subsequent loss of or reduction in wages was also attributable to his physical limitations (see, Matter of Topf v American Character Doll & Toy Co., 62 AD2d 1111, 1112; Matter of Miller v Pan Am. World Airways, 46 AD2d 718; Matter of Mazziotto v Brookfield Constr. Co., 40 AD2d 245, 247). However, the inference is defeated where, as here, proof is submitted that the subsequent loss of employment was solely due to economic or other causes unrelated to the injury, in this case, claimant's discharge for misconduct (see, Matter of Topf v American Character Doll & Toy Co., supra; Matter of Miller v Pan Am. World Airways, supra; Matter of Yamonaco v Union Carbide Corp., 42 AD2d 1014, 1015; Matter of Boyle v Gatti, 40 AD2d 1063; Matter of Mazziotto v Brookfield Constr. Co., supra; Matter of Fromm v Rochester Tel. Corp., 22 AD2d 728, 729; Matter of Roberts v General Elec. Co., 6 AD2d 43, 45). Under such circumstances, claimant had the burden of establishing by substantial evidence that the limitations on his employment due to his disability were a cause of his subsequent inability to obtain employment (see, Matter of Boyle v Gatti, supra; Matter of Mazziotto v Brookfield Constr. Co., supra; Matter of Roberts v General Elec. Co., supra). Claimant's testimony in that regard was insufficient for that purpose. In response to questioning by the Workers' Compensation Law Judge, he testified first that he had not looked for work and then merely made the ambiguous statement that he had "applied to them, but because of the compensation case and the pain". There was, thus, a failure of proof of specifics as to whether claimant had informed any prospective employ-

ers of his disability or whether in fact he had been refused employment as a result of limitations engendered by his disability *(see, Matter of Bahor v New York Tel. Co.,* 91 AD2d 756; *Matter of Topf v American Character Doll & Toy Co., supra; Matter of Boyle v Gatti, supra; cf. Matter of Yerry v New York State Workers' Compensation Bd.,* 93 AD2d 931). Accordingly, there must be a remittal for a further development of the record and findings on the issue of causation for claimant's loss of earnings.

Decision reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent herewith. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.