■ In the Matter of the Claim of PETER KAPOGIANNIS, Appellant, v VASSAR COLLEGE et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.—Levine, J. Appeal from a decision of the Workers' Compensation Board, filed March 3, 1987, which ruled that claimant did not sustain a causally related disability and denied his claim for benefits.

Claimant was injured on August 9, 1974 when the bicycle he was riding to work collided with a truck on the employer's property. Claimant recuperated at home for approximately one month and then returned to work. In 1975, the Workers' Compensation Board denied his claim for benefits, finding that the accident did not arise out of claimant's employment.

Six years later, claimant's case was reopened by the Board for reconsideration of all basic issues. Hearings were held in which medical evidence from three of claimant's treating physicians was educed. Dr. Robert Weiss, who began treating claimant for low back pain in 1980, testified that claimant informed him that his back condition predated the 1974 accident and that he had not sought medical care for his back since the accident until 1980. Weiss stated that, based on medical history he obtained from claimant and claimant's son, he did not believe that claimant's back condition was causally related to the 1974 accident. Dr. Edward De Ramon, claimant's orthopedist since 1980, testified that while claimant's back pain could be causally related to the accident, it could also be the result of the aging process. The medical report of Dr. Kurt Holzer, who treated claimant immediately following the 1974 accident, was also submitted into evidence. In his report, Holzer noted that claimant "made an uneventful recovery * * * No permanent damage is to be exspected [sic]." In addition, there was no claim for lost time during the period from September 1974, when claimant returned to work after the accident, to May 1980, when he retired. The Board denied the claim for benefits, finding that claimant failed to prove a causally related disability subsequent to September 2, 1974. This appeal ensued.

Claimant's only contention on appeal is that the Board's determination is not supported by substantial evidence. We disagree. The conflicting medical opinions as to whether claimant's disability was attributable to the 1974 accident presented a question of fact for the Board to resolve (see, Matter of Murtagh v St. Theresa's Nursing Home, 84 AD2d 587). The Board was free to rely on the opinions of Weiss and Holzer, which discounted a causally related disability. This, combined with the evidence that claimant apparently was able to work continuously until his retirement in 1980, provides ample support for the Board's conclusion.

Decision affirmed, without costs. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.