■ In the Matter of the Claim GREGORY A. REGULBUTO, Respondent, v CARRIER CORPORATION et al., Appellants. WORK-ERS' COMPENSATION BOARD, Respondent.—Weiss, J.

Claimant suffered a lower back injury on April 23, 1981 while working as a welder, causing him to miss work for much of 1981. He was awarded workers' compensation benefits and returned to work on January 6, 1982. Claimant continued to have intermittent problems and, on February 6, 1984, was again disabled by an acute attack and was awarded benefits from February 6, 1984 to April 9, 1984. Claimant was able to return to work as a welder despite mild symptoms but was laid off on September 3, 1985 for economic reasons. He thereafter received unemployment insurance benefits and then severance pay covering the period through April 1, 1986. In November 1985, more than two months after his layoff, claimant suffered another acute episode and received further medical treatment. In a July 10, 1987 decision, a Workers' Compensation Law Judge classified claimant as permanently partially disabled and awarded weekly benefits of $105 from December 11, 1985 with payments to continue. On appeal, the Workers' Compensation Board modified, holding that claimant had a continuing partial disability related to the 1981 accident and remanded the matter for development of the record regarding the question of permanency.

The employer appeals, contending that the Board failed to specifically address the question of whether claimant's loss of earnings was related to his disability. Having initially shown that claimant's loss of employment was due solely to economic reasons unrelated to his injury (see, Matter of Topf v American Character Doll & Toy Co., 62 AD2d 1111), the employer argues that the burden of proof shifted to claimant to demonstrate the relationship between the disability and his failure to find work (see, Matter of Dudlo v Polytherm Plastics, 125 AD2d 792). We agree that claimant must demonstrate that his loss of earnings was not caused solely by economic reasons resulting in lack of employment. Here claimant has met that

burden, and the record supports the Board's finding that the reoccurrence of the 1981 injury and resultant disability were subsequent to his being laid off on September 3, 1985.

The evidence in the record firmly establishes that the exacerbations of his work-related injury to an acute stage did occur after his layoff, and that the exacerbated condition, even after it was no longer acute, precluded claimant from doing the kind of heavy, physical work required in his former position as a welder (see, Matter of Bahor v New York Tel. Co., 91 AD2d 756). In Matter of Dudlo v Polytherm Plastics (supra), the claimant performed with a disability for four years until he was discharged for misconduct (see, supra, at 792-793); he suffered no exacerbation and no change in his condition or ability to perform his occupation (see, supra, at 793). Here, in contrast, claimant's postemployment change in condition clearly prevented his resumption of heavy work. A disabled claimant is not required to seek the type of work which he is medically incapable of performing because of his disability merely to demonstrate that employers refused to hire him. The medical testimony sufficiently shows that claimant's loss of wages was not solely because of economic conditions or other factors unrelated to his disability, and that his back condition was a limiting factor in his search for employment and, therefore, partly responsible for his inability to find other employment (see, Matter of Burch v Rollway Bearing Co., 62 AD2d 1126; Matter of Miller v Pan Am. World Airways, 46 AD2d 718; Matter of Boyle v Gatti, 40 AD2d 1063).

Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Weiss, Levine, Mercure and Harvey, JJ., concur.