■ In the Matter of the Claim of PENG KIM, Appellant, v COMMUNITY LIVING CORPORATION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [677 NYS2d 818] —Appeal from a decision of the Workers' Compensation Board, filed June 13, 1996, which ruled, *inter alia*, that claimant did not sustain a causally related disability and denied his claim for benefits.

Claimant sustained a back injury in October 1992 during the course of his employment which resulted in claimant losing some time from work. On February 8, 1993, with the consent of his doctor, claimant returned to work full time; however, he was discharged on or about May 12, 1993 for misconduct. After his application for unemployment insurance benefits was denied, claimant applied for workers' compensation benefits contending that he was unable to work due to his October 1992 back injury. The Workers' Compensation Board, finding that claimant was terminated for cause and that claimant failed to establish that there was a further casually related disability subsequent to May 13, 1993, denied claimant's application for disability benefits. This appeal ensued.

We affirm. Ample evidence in the record, including claimant's own testimony, supports the Board's finding that claimant's loss of employment was due solely to his misconduct.* Given that the circumstance surrounding claimant's loss of employment was unrelated to his 1992 back injury, "claimant had the burden of establishing by substantial evidence that the limitations on his employment due to his disability were a cause of his subsequent inability to obtain employment" (*Matter of Dudlo v Polytherm Plastics*, 125 AD2d 792, 793). The medical report of Richard Semble, a physician who examined claimant in December 1993, concluded that no causally related disability existed and was based in part on a November 13, 1992 X ray indicating a normal spine. Although claimant's physician disagreed, it is well settled that it is within the purview of the Board to resolve conflicting medical opinions (*see, Matter of Kapogiannis v Vassar Coll.*, 141 AD2d 947, 948). Semble's report, together with the fact that claimant's treating physician permitted him to return to full-time work, provide substantial evidence to support the Board's finding that claimant failed to establish a further causally related disability following the termination of his employment (*see generally, Matter of Kapogiannis v Vassar Coll., supra; see, Matter of Mazziotto v Brookfield Constr. Co.*, 40 AD2d 245). Claimant's remaining contentions have been reviewed and found to be without merit.

Mercure, J. P., Yesawich Jr., Peters, Carpinello and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.

---

* It should also be noted that claimant's attorney conceded in his proposed record list that claimant was terminated for cause.