■ In the Matter of the Claim of MARVIN R. SCOTCHMER, Respondent, v DRESSER RAND COMPANY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [681 NYS2d 144] —Appeal from a decision of the Workers' Compensation Board, filed March 14, 1997, which, *inter alia*, ruled that claimant did not voluntarily withdraw from the labor market and awarded workers' compensation benefits.

Claimant was employed as a machinist and his job involved lifting from 50 to 200 pounds. He sustained a causally related back injury on January 27, 1992 but continued to work until April 27, 1992, at which time the pain became severe and the employer filed a C-2 report with the Workers' Compensation Board. On June 15, 1992, claimant returned to work until a subsequent flare-up necessitated he again leave work on November 10, 1992. The testimony revealed claimant was not offered a light-duty position by his employer nor was he informed that the employer had a light-duty program. While claimant was on total disability, he was discharged on December 17, 1992 after an ongoing investigation revealed

that he had sold illegal drugs at work. After claimant went off total disability he found only two temporary jobs within his medical restrictions* at a significantly reduced salary. Claimant testified that although he was still registered with employment and temporary worker agencies, he could not find new work within his restrictions. The medical evidence in the record, including that from claimant's treating physician and an April 1996 C-71 report from the Board's medical expert, confirm that claimant sustained a permanent partial disability. The Board ruled that claimant sustained a causally related permanent partial disability and did not voluntarily withdraw from the labor market.

We affirm. Given that the reason for claimant's loss of employment was unrelated to his causally related back injury, "claimant had the burden of establishing by substantial evidence that the limitations on his employment due to his disability were a cause of his subsequent inability to obtain employment" (*Matter of Dudlo v Polytherm Plastics*, 125 AD2d 792, 793; *see, Matter of Peng Kim v Community Living Corp.*, 253 AD2d 911). Here, claimant's proof and "[t]he medical testimony sufficiently shows that claimant's loss of wages was not solely because of * * * factors unrelated to his disability, and that his back condition was a limiting factor in his search for employment and, therefore, partly responsible for his inability to find other employment" (*Matter of Regulbuto v Carrier Corp.*, 158 AD2d 817, 818). Thus, we conclude that there is substantial evidence supporting the Board's decision in this matter.

Mercure, J. P., Crew III, White, Spain and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.

---

* Claimant's medical restrictions related to his permanent partial disability include prohibitions against sitting or standing for long periods, repetitive bending, twisting, pushing and lifting more than 15 pounds.