■ In the Matter of the Claim of MARK S. BENESCH, Appellant, v UTILITIES MUTUAL INSURANCE COMPANY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [693 NYS2d 676] —Appeal from a decision of the Workers' Compensation Board, filed March 30, 1998.

After sustaining a work-related back injury in 1987 during the course of his employment as a gas measurement technician, claimant was classified as having a permanent partial disability and awarded benefits for intermittent periods of lost time. In 1990, claimant began light duty employment for the employer performing sedentary-type work, i.e., computer data entry and analysis, until he was discharged in November 1994 for insubordination. Claimant thereafter received unemployment insurance benefits for a period of six months. The Workers' Compensation Board denied his application for workers' compensation benefits, finding that claimant's loss of earnings subsequent to his termination from his employment was due to economic reasons unrelated to his disability.

We affirm. Inasmuch as claimant's loss of employment was due to reasons other than his work-related disability, "claimant had the burden of establishing by substantial evidence that the limitations on his employment due to his disability were a cause of his subsequent inability to obtain employment" (Matter of Dudlo v Polytherm Plastics, 125 AD2d 792, 793; see, Matter of Scotchmer v Dresser Rand Co., 256 AD2d 682). Here, claimant testified that he applied for engineering-related employment, such as design and drafting, but was unable to procure a job. According to claimant, some of the prospective employers were simply not hiring. A review of the record discloses no evidence that claimant's disability was related to his inability to obtain employment. In fact, claimant's orthopedic surgeon opined that claimant was capable of returning to sedentary-type work. Inasmuch as substantial evidence supports the Board's decision that claimant's lack of work was due to economic conditions, it must be upheld (see, Matter of Peng Kim v Community Living Corp., 253 AD2d 911, lv denied 93 NY2d 802; Matter of Dudlo v Polytherm Plastics, supra, at 793-794).

Mikoll, J. P., Mercure, Crew III, Yesawich Jr. and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.