■ In the Matter of the Claim of HELGA WALBY, Appellant, v VOLT INFORMATION SCIENCE et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [739 NYS2d 759] —Crew III, J. Appeal from a decision of the Workers' Compensation Board, filed March 21, 2001, which ruled that claimant was not entitled to an award for reduced earnings.

While working as a proofreader for the employer, claimant sustained work-related injuries to her back and knee in February 1996 and, in January 1998, underwent surgery as a result of the back injury. Claimant returned to work part time three months later and, by early April 1998, was working full time. In June 1998, however, claimant was laid off as the result of a plant closing. Despite her efforts to obtain other full-time employment, claimant remained unemployed until April 1999, when she secured employment on a part-time basis. In denying her subsequent claim for workers' compensation benefits, the Workers' Compensation Board concluded that although claimant was partially disabled as a result of her work-related back condition, her reduced wages were caused solely by economic conditions. This appeal by claimant ensued.

"Where, as here, the evidence establishes that claimant's loss of employment was due to economic conditions unrelated to the disability, claimant bears the burden of demonstrating that limitations due to the disability were a cause of the subsequent inability to obtain employment * * *" (*Matter of Ennist v Texaco, Inc.*, 280 AD2d 773, 773 [citation omitted]; *see, Matter of Scotchmer v Dresser Rand Co.*, 256 AD2d 682, 683; *Matter of Dudlo v Polytherm Plastics*, 125 AD2d 792, 793). Upon releasing claimant for return to work in April 1998, claimant's treating physician imposed limitations on lifting and on standing or sitting for extended periods of time, and claimant testified that she experienced continuing pain. Those limitations, however, did not prevent her full-time return to her occupation as a proofreader, and the record contains no evidence that the foregoing limitations contributed to her subsequent unsuccessful search for full-time employment or that, following the layoff, she experienced a change in her work-related back condition that affected her ability to perform her

occupation (*compare, Matter of Ennist v Texaco, Inc., supra*; *Matter of Benesch v Utilities Mut. Ins. Co*, 263 AD2d 585, *with Matter of Regulbuto v Carrier Corp.*, 158 AD2d 817). Inasmuch as claimant's disability did not prevent resumption of her occupation, her reliance upon *Matter of Meisner v United Parcel Serv.* (243 AD2d 128, *lv dismissed* 93 NY2d 848, *lv denied* 94 NY2d 757) is misplaced. We have considered claimant's remaining arguments and find them to be lacking in merit.

Cardona, P.J., Mercure, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.