■ In the Matter of the Claim of EUNICE ELWOOD, Respondent, v K-MART CORPORATION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [734 NYS2d 680] —Crew III, J. Appeal from a decision of the Workers' Compensation Board, filed March 24, 2000, which ruled that claimant did not voluntarily withdraw from the labor market.

In April 1992, claimant sustained a work-related injury to her lower back, which ultimately required surgical intervention in January 1996. Following her return to employment in August 1996, claimant worked as a telephone receptionist and as a cashier at a register. Claimant thereafter learned that the receptionist position would be eliminated at the end of the year and, as standing for prolonged periods of time at a register caused pain in her back and legs, claimant elected to retire effective February 1, 1997. The employer objected to claimant's subsequent application for workers' compensation benefits, contending that claimant had voluntarily withdrawn from the workforce. Following a hearing, a Workers' Compensation Law Judge found a causal connection between claimant's disability and her decision to retire and, accordingly, awarded benefits. The Workers' Compensation Board affirmed that decision, prompting this appeal by the employer.

We affirm. "Whether a claimant has voluntarily withdrawn from the labor market is a factual issue for the Board to resolve and, if supported by substantial evidence in the record, the Board's resolution of that issue will not be disturbed" (*Matter of Beehm v Educational Opportunity Ctr.*, 272 AD2d 808 [citation omitted]). A withdrawal from the labor market "is not voluntary when there is evidence that a claimant's disability caused or contributed to retirement" (*Matter of Camarda v New York Tel.*, 262 AD2d 816).

Here, claimant's own testimony reflects that her decision to retire was motivated at least in part by her inability to tolerate the long periods of standing required of the cashier position that she had to assume when the receptionist position was abolished. Although claimant admittedly did not seek the

advice of her treating physician prior to retiring, the medical evidence adduced at the hearing nonetheless reflects that claimant could not engage in excessive standing and required a position that permitted her to alternate between sitting, standing and walking. Thus, as claimant's testimony and the medical proof provide substantial evidence to support the Board's decision that claimant's decision to retire was prompted by her compensable injury, the Board's decision must be affirmed despite the existence of other evidence in the record that could support a contrary conclusion (*see, Matter of Beehm v Educational Opportunity Ctr., supra*). The employer's remaining contention, raised for the first time on appeal, is not preserved for our review (*see, Matter of Gregg v Randazzo*, 216 AD2d 747, 749) and is lacking in merit in any event.

Cardona, P. J., Mercure, Carpinello and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.