█ In the Matter of the Claim of FRANK SCARPELLI, Appellant, v BEVCO TRUCKING CORPORATION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [758 NYS2d 856] —Rose, J. Appeal from a decision of the Workers' Compensation Board, filed August 31, 2001, which ruled that claimant had voluntarily withdrawn from the labor market.

Claimant sustained a work-related back injury in February 1999. Claimant, then 62 years old, returned to work on March 10, 1999, but retired the next day and subsequently began receiving social security retirement benefits. At a hearing before a Workers' Compensation Law Judge (hereinafter WCLJ), claimant testified that he had planned to retire at age 65 and then seek part-time work to supplement his social security benefits. The employer and its workers' compensation carrier objected to payment of workers' compensation benefits after claimant's 65th birthday, contending that claimant had voluntarily withdrawn from the labor market. The WCLJ determined that claimant was permanently partially disabled and had not voluntarily withdrawn from the labor market. Upon review, the Workers' Compensation Board reversed, finding that claimant was not totally disabled from all work and that his failure to seek other work constituted a voluntary withdrawal from the labor market. Claimant appeals.

Initially, we reject the contention of the employer and its carrier that claimant's appeal was untimely. Workers' Compensation Law § 23 requires an appeal from a Board decision to be

filed within 30 days after notice of the decision has been served upon the parties. While claimant's notice of appeal was not received by the Board until October 2, 2001, more than 30 days after the Board decision was filed, there is no proof in the record as to when the Board decision was served on claimant (*see Matter of Buchanon v Adirondack Steel Casting Co.*, 175 AD2d 971 [1991]; *cf. Matter of Flynn v Managed Care, Inc.*, 302 AD2d 696, 697 [2003]).

Turning to the merits, substantial evidence supports the Board's factual determination that claimant voluntarily withdrew from the labor market (*see Matter of Coneys v New York City Dept. of Mental Health*, 299 AD2d 602, 602-603 [2002]; *Matter of Gotthardt v Aide Inc., Design Studios*, 291 AD2d 587, 588 [2002], *lv denied* 98 NY2d 605 [2002]; *Matter of Camarda v New York Tel.*, 262 AD2d 816, 816 [1999]). Although the parties' medical experts presented conflicting evidence regarding the extent of claimant's disability, the WCLJ acted within his discretion when he found that claimant is only partially disabled (*see Matter of Kramer v Ultra Blend Corp.*, 297 AD2d 890 [2002], *lv denied* 99 NY2d 506 [2003]; *Matter of Matusko v Kennedy Valve Mfg. Co.*, 296 AD2d 726, 728 [2002], *lv denied* 99 NY2d 504 [2002]). Claimant testified that he has not sought work of any kind since his retirement and, thus, there is no evidence that his disability contributed to his inability to obtain employment (*see Matter of Yamonaco v Union Carbide Corp.*, 42 AD2d 1014, 1015 [1973]). Accordingly, the Board's decision must be affirmed.

Cardona, P.J., Crew III, Peters and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.