[780 NYS2d 799]

In the Matter of the Claim of ANGEL JIMINEZ, Appellant, v WALD-
BAUMS et al., Respondents. WORKERS' COMPENSATION BOARD,
Respondent.

Third Department, July 1, 2004

**APPEARANCES OF COUNSEL**

*Grey & Grey L.L.P.*, Farmingdale (*Joan S. O'Brien* of counsel),
for appellant.

*Foley, Smit, O'Boyle & Weisman*, Hauppauge (*Theresa E. Wolinski* of counsel), for Waldbaums and another, respondents.

## OPINION OF THE COURT

MUGGLIN, J.

A Workers' Compensation Law Judge's decision that claimant sustained a permanent partial disability and that his subsequent retirement was caused or contributed to by this disability were affirmed by the Workers' Compensation Board. The Board determined, however, that claimant's loss of earnings subsequent to retirement were not attributable to factors connected to his work-related injury, but instead were caused by his failure to seek employment, and rescinded all awards of compensation after claimant's retirement date. The Board granted claimant leave to reopen the case on production of adequate evidence of a job search after the retirement date to support a claim for reduced earnings. Claimant appeals.

Procedurally, the Board's decision is sufficiently final for purposes of appellate review because the awards were rescinded and the case closed (*see Matter of Jasmine v Rainbow Grill*, 115 AD2d 862, 863 [1985]). Contrary to the assertion by the employer and its workers' compensation carrier, the case is not currently pending before the Board.

Turning to the merits, there must be a reversal. Where, as here, claimant's retirement was caused by or contributed to by his disability, there has been no voluntary removal from the labor market (*see Matter of Yannucci v Consolidated Freightways*, 6 AD3d 945, 945-946 [2004]; *see also Matter of Lombardi v Brooklyn Union Gas Co.*, 306 AD2d 704, 705 [2003]). Under such circumstances, claimant is entitled to continued compensation. Nevertheless, the Board ruled that since claimant was only partially disabled, he had a duty to seek work within his restrictions; since he had not, his loss of earnings postretirement were not attributable to factors connected to his injury but were caused, instead, by his failure to seek employment and his disability has not adversely affected his lack of postretirement earnings.

We first observe that this ruling is internally inconsistent with the Board's finding that claimant's disability caused or contributed to his retirement. No authority exists to terminate the compensation payments of a permanently partially disabled worker when that worker involuntarily retires because of his disability. The cases cited by the Board to support its ruling are

inapposite. In *Matter of Peluso v Fairview Fire Dist.* (269 AD2d 623 [2000]), we held that a fire captain's refusal of a light duty assignment constituted a voluntary withdrawal from the labor market. In *Matter of Holman v Hyde Park Nursing Home* (268 AD2d 705 [2000]), we held that substantial evidence supported the Board's determination that a worker who had been fired for poor work performance failed to prove that her loss of earnings were attributable to her injury and were, in fact, attributable to other factors. *Matter of Dudlo v Polytherm Plastics* (125 AD2d 792 [1986]) involved a claimant who worked for several years postaccident and was then discharged for misconduct. Under those circumstances, we held that the claimant had the burden of showing by substantial evidence that the limitations on his employment due to his disability were a cause of his subsequent inability to obtain employment. Finally, in *Matter of Mazziotto v Brookfield Constr. Co.* (40 AD2d 245 [1972]), the claimant's postretirement loss of wages was not due to his injury, but to union regulations and the claimant's desire to keep his maximum Social Security benefits. Thus, these cases involve either voluntary withdrawal from the labor market or diminution in wages caused by factors other than the claimant's disability.

CARDONA, P.J., CREW III, PETERS and ROSE, JJ., concur.

Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.