■ In the Matter of the Claim of ELIZABETH JOHNSON, Appellant, v NEW YORK STATE OFFICE OF MENTAL RETARDATION AND DEVELOPMENT et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [784 NYS2d 216]—

---

* The actions against the County of Warren and the County of Washington have been discontinued by consent.

Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed May 5, 2003, which ruled that claimant voluntarily left the labor market and is not entitled to benefits from February 25, 2002 forward.

Claimant suffered a work-related knee injury in 1994. Her workers' compensation claim was later amended to include consequential injuries to her back and right shoulder. In 1998, claimant was injured in a motor vehicle accident, and did not return to work after the accident. Claimant retired in March 1999, shortly after turning 62 years old. At an August 1999 hearing, claimant testified that she had planned on retiring at age 65. In February 2001, a Workers' Compensation Law Judge, with the agreement of the parties, found that claimant was permanently partially disabled and authorized ongoing payments. The workers' compensation carrier objected to payment of workers' compensation benefits after claimant turned 65 years old, claiming that she had voluntarily withdrawn from the labor market. A Workers' Compensation Law Judge found that claimant had not voluntarily withdrawn from the labor market. The carrier appealed, and the Workers' Compensation Board reversed, finding that claimant's March 1999 retirement amounted to a voluntary withdrawal from the labor market, and that she had failed to seek work within her medical limits. The Board also found that the carrier had failed to object to the payment of benefits between March 1999 and February 24, 2002, and accordingly held that claimant was not entitled to benefits on and after February 25, 2002. Claimant appeals.

Initially, as claimant did not raise her argument regarding collateral estoppel before the Board on her administrative appeal, we cannot consider it (see Matter of Gardner v Structure Tone of NY, 272 AD2d 794, 795 [2000]).

Turning to the merits, we do not find substantial evidence in the record to support the Board's determination that claimant voluntarily withdrew from the labor market in 1999. "A withdrawal from the labor market 'is not voluntary when there is evidence that a claimant's disability caused or contributed to retirement' " (Matter of Elwood v K-Mart Corp., 289 AD2d 794, 794 [2001], quoting Matter of Camarda v New York Tel., 262 AD2d 816, 816 [1999]). It is also clear that the Board does not

have authority "to terminate the compensation payments of a permanently partially disabled worker when that worker involuntarily retires because of his disability" (*Matter of Jiminez v Waldbaums*, 9 AD3d 99, 100 [2004]).

The parties do not dispute that claimant's decision to retire in 1999 was related to her permanent partial disability, and the Board does not state what would lead it to conclude the opposite. Indeed, the carrier withdrew its argument that claimant voluntarily withdrew from the labor market upon her March 1999 retirement as part of the February 2001 agreement awarding claimant benefits. The Board itself points out in its decision that claimant "fail[ed] to seek employment within her medical restrictions," implying that her disability did contribute to her decision to retire. Nor is there any evidence illustrating claimant's efforts to seek employment within her restrictions since her retirement (*cf. Matter of Scarpelli v Bevco Trucking Corp.*, 305 AD2d 892, 893 [2003]). As a result, we must reverse the Board's decision.

Peters, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.