■ In the Matter of the Claim of RUTH PITTMAN, Appellant, v ABM INDUSTRIES, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [806 NYS2d 301]—

Rose, J. Appeal from a decision of the Workers' Compensation Board, filed April 28, 2004, which ruled, inter alia, that claimant voluntarily withdrew from the labor market and denied her claim for workers' compensation benefits.

Claimant sustained a work-related injury to her back that was ultimately found to be a permanent partial disability and, after a brief return to work, she retired. Although the Workers' Compensation Board found that claimant's disability contrib-

uted to her decision to retire from the labor market, it nonetheless denied her any postretirement award on the ground that her failure to seek employment within her medical limitations after retiring constituted a voluntary withdrawal. On her appeal, claimant contends that the Board's determination is not supported by substantial evidence because her decision to retire from the labor market was found to be attributable to her permanent partial disability. We agree.

Focusing first on the issue of whether the retirement itself was involuntary, we have long held that a retirement is an involuntary withdrawal if the claimant's disability caused or contributed to the decision to retire (*see e.g. Matter of Elwood v K-Mart Corp.*, 289 AD2d 794, 795 [2001]). Here, the Board found credible claimant's testimony that she retired from her employment because her partial disability made completion of her regular tasks too difficult, her treating physician advised her not to return to her regular, full duties and her employer was unwilling to provide light-duty assignments. This evidence supports the Board's initial finding that claimant's disability contributed to her decision to retire (*see Matter of De Simone v Consolidated Edison Co. of N.Y.*, 309 AD2d 1032, 1033 [2003]; *Matter of Elwood v K-Mart Corp., supra* at 795).

The Board erred, however, in then going on to separately consider whether, after retiring, claimant's failure to seek employment within her light-duty limitations was a voluntary withdrawal from the labor market. In the case cited by the Board on this issue, *Matter of Milby v Consolidated Edison* (304 AD2d 946 [2003]), and in several other cases, we have found the presence or absence of evidence that the claimant did not seek employment after retirement to be relevant only in reviewing whether the Board correctly found that a claimant's retirement itself was a voluntary or involuntary withdrawal (*see Matter of Johnson v New York State Off. of Mental Retardation & Dev.*, 12 AD3d 748, 750 [2004]; *Matter of Jiminez v Waldbaums*, 9 AD3d 99, 100 [2004]; *Matter of Scarpelli v Bevco Trucking Corp.*, 305 AD2d 892, 893 [2003]; *Matter of Milby v Consolidated Edison, supra* at 947; *Matter of Yamonaco v Union Carbide Corp.*, 42 AD2d 1014, 1015 [1973]; *Matter of Mazziotto v Brookfield Constr. Co.*, 40 AD2d 245, 247 [1972]). In none of those cases did we hold that a claimant's failure to seek employment after an involuntary retirement supports a finding of voluntary withdrawal.

In reviewing the Board's treatment of this issue, we note that the involuntary retirement here gave rise to an inference that the subsequent reduction in earnings was due to claimant's per-

manent partial disability, and we look first to see if it has been defeated by evidence that "the subsequent loss . . . was solely due to . . . causes unrelated to the injury" (*Matter of Dudlo v Polytherm Plastics*, 125 AD2d 792, 793 [1986]; *see* Workers' Compensation Law § 15 [3] [w]). In other words, there must be direct and positive proof that something other than the disability was the sole cause of claimant's reduced earning capacity after retirement (*see Matter of Mazziotto v Brookfield Constr. Co., supra* at 247). Only when there is such evidence does the burden then shift to claimant to show that the disability was a cause of the reduction (*see Matter of Dudlo v Polytherm Plastics, supra* at 793; *see also Matter of Thompson v Saucke Bros. Constr. Co.,* 2 AD3d 993, 993 [2003], *lv denied* 2 NY3d 703 [2004]).

Here, the Board expressly confirmed that claimant had a permanent partial disability prior to retirement and properly found that her disability contributed to her decision to retire. Claimant's testimony that she had not looked for work after retiring did not defeat the inference that her partial disability continued to contribute to her reduced earning capacity, as there is no evidence that the failure to seek employment was the sole cause of the subsequent reduction (*see Matter of Jiminez v Waldbaums, supra* at 100). Thus, the Board's finding of a voluntary postretirement withdrawal from the labor market is not supported by substantial evidence.

Crew III, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.