■ In the Matter of the Claim of KRISTIE LYNN ZIMMERMAN, Appellant, v QUALITY INN et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [806 NYS2d 316]—

Carpinello, J. Appeal from a decision of the Workers' Compen-

sation Board, filed April 7, 2004, which ruled that the employer's workers' compensation carrier was discharged from liability pursuant to Workers' Compensation Law § 25-a.

Claimant sustained a work-related back injury in September 1993 and collected benefits between February 1994 and July 9, 1999. Benefits were terminated as of the latter date due to a finding of fraud pursuant to Workers' Compensation Law § 114-a. While claimant sought full board review of this decision and further initiated an appeal to this Court, her request for review was denied and her appeal ultimately deemed abandoned. In April 2004, the Workers' Compensation Board discharged the employer's workers' compensation carrier from liability in accordance with Workers' Compensation Law § 25-a (1). Claimant appeals.

To the extent that claimant is even aggrieved by the Board's decision to shift liability from the employer's carrier to the Special Fund for Reopened Cases, its decision will be affirmed (*see* Workers' Compensation Law § 25-a [1]). We are simply unpersuaded by her attempt to halt application of this statutory provision by claiming that same is premature since she might be entitled to future wage replacement benefits, despite the prior finding of fraud, under the Court of Appeals' decision in *Matter of Losurdo v Asbestos Free* (1 NY3d 258 [2003]). Notably, claimant failed to timely perfect her appeal from the prior Board decision finding that she committed fraud and prohibiting her from receiving future benefits. Nothing contained within the Court's holdings in *Matter of Losurdo v Asbestos Free* (*supra*) resurrects the abandoned issue of her entitlement to future wage replacement benefits.

Mercure, J.P., Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.