■ In the Matter of the Claim of DONALD PEPE, Appellant, v CITY & SUBURBAN et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [816 NYS2d 208]—

Spain, J. Appeal from a decision of the Workers' Compensation Board, filed November 12, 2004, which, inter alia, ruled that claimant voluntarily withdrew from the labor market.

In February 2002, claimant sustained a work-related back injury ultimately classified as a mild permanent partial disability and, in January 2003, he retired without returning to work. The Workers' Compensation Board found that claimant's disability contributed to his decision to retire, but denied him any postretirement award on the premise that after retiring he retained the ability to work to some degree but refused to cooperate with vocational rehabilitation efforts and failed to seek employment within his medical limitations. The Board concluded that these factors constituted a voluntary withdrawal from the labor market and he had no further causally related reduced earnings. Claimant now appeals, contending that the Board's decision is not supported by substantial evidence. We agree.

Under settled law, "a retirement is an involuntary withdrawal if the claimant's disability caused or contributed to the decision to retire" (*Matter of Pittman v ABM Indus., Inc.*, 24 AD3d 1056, 1057 [2005]; *Matter of Jiminez v Waldbaums*, 9 AD3d 99, 100 [2004]; *Matter of Yannucci v Consolidated Freightways*, 6 AD3d 945, 946 [2004]; *see also Matter of Leeber v LILCO*, 29 AD3d 1198 [2006] [decided herewith]; *Matter of Tipping v National Surface Cleaning Mgt., Inc.*, 29 AD3d 1200 [2006] [decided herewith]). The

Board's initial finding, a factual determination, that claimant's disability contributed to his decision to retire and thus he did not voluntarily withdraw from employment will be upheld where, as here, it is supported by substantial evidence (*see Matter of De Simone v Consolidated Edison Co. of N.Y.*, 309 AD2d 1032, 1032-1033 [2003]; *cf. Matter of Trank v Consolidated Edison Co. of N.Y., Inc.*, 17 AD3d 801, 801 [2005]; *Matter of Bury v Great Neck UFSD*, 14 AD3d 786, 787 [2005]; *Matter of Yannucci v Consolidated Freightways, supra* at 946).

However, under our case law, claimant's involuntary retirement* due to his disability "gave rise to an inference that the subsequent reduction in earnings was due to claimant's permanent partial disability, and we look first to see if it has been defeated by evidence that 'the subsequent loss . . . was solely due to . . . causes unrelated to the injury' " (*Matter of Pittman v ABM Indus., Inc., supra* at 1057-1058, quoting *Matter of Dudlo v Polytherm Plastics*, 125 AD2d 792, 793 [1986]; *accord Matter of Leeber v LILCO, supra*; *Matter of Tipping v National Surface Cleaning Mgt., Inc., supra*; *Matter of Phillips v Elmira City School Dist.*, 178 AD2d 793 [1991]). Thus, the workers' compensation carrier must demonstrate "that something other than the disability was the sole cause of claimant's reduced earning capacity after retirement" (*Matter of Pittman v ABM Indus. Inc., supra* at 1058), such as "age, economic conditions or other factors unrelated to the disability" (*Matter of La Pietra v County of Suffolk*, 294 AD2d 794, 794 [2002]). Our review of the factors upon which the Board relied in denying claimant any postretirement award demonstrates that none constitutes legally sufficient grounds.

With regard to the Board's finding that claimant retained the ability to work after retiring and had not sought employment, we have adhered to the precept that "[p]roof that the claimant has not sought work postretirement, by itself, does not defeat the inference or shift the burden to claimant to show that the disability was a cause of the reduction [in earnings]" (*Matter of Leeber v LILCO, supra* at 1199; *accord Matter of Jiminez v Waldbaums, supra*). To the extent that the Board relied upon its finding that claimant had not cooperated with vocational reha-

---

* To be distinguished are cases in which injured claimants do not involuntarily retire, where we have required claimants to demonstrate that the reduction in their earnings is attributable to their permanent partial disability (*see Matter of Rothe v United Med. Assoc.*, 18 AD3d 1093 [2005]; *Matter of Scarpelli v Bevco Trucking Corp.*, 305 AD2d 892 [2003]; *Matter of Campbell v AC Rochester Prods., Div. of Gen. Motors Corp.*, 268 AD2d 711 [2000]; *see also Matter of Tipping v National Surface Cleaning Mgt., Inc., supra* [Carpinello, J., concurring]).

bilitation to which he was referred by his treating physician, we have previously recognized that while: "there is considerable logic in requiring a claimant for compensation benefits to do all in his [or her] power to support himself [or herself], submission to rehabilitation is not necessary to meet present statutory conditions for an award and work[ers'] compensation is, despite concededly a considerable number of decisional rules, essentially statutory law. The Legislature has clearly not required submission to rehabilitation as a condition for an award—all of its pronouncements with import to rehabilitation having established purely voluntary procedures—and we see advanced, considering the general scheme and tenor of the Work[ers'] Compensation Law, no reason for judicial adoption of such a requirement" (*Matter of Kalevas v Williams & Co.*, 27 AD2d 22, 24 [1966], *affd* 20 NY2d 812 [1967]). Under current law, an employer or carrier may recommend rehabilitation or provide related information (*see* Workers' Compensation Law § 13-a [6]), the carrier may maintain rehabilitation programs (*see* Workers' Compensation Law § 13-j [1]), and the state provides vocational rehabilitation (*see* Education Law § 1003; *see also* Workers' Compensation Law § 15 [9]). However, the Workers' Compensation Law does not provide that cooperation with or submission to vocational rehabilitational services may be made a prerequisite to an award for a permanent partial disability which led to an involuntary retirement.

Consequently, we find no authority or support for the Board's determination that these factors precluded an award for claimant's causally related reduced earnings and constituted a voluntary withdrawal from the labor market. Stated otherwise, claimant's failure to pursue employment or cooperate with vocational rehabilitation did not rebut the inference that his subsequent reduction in earnings was due to his disability, and did not constitute evidence that his subsequent loss was solely due to causes unrelated to the injury (*see Matter of Pittman v ABM Indus., Inc., supra* at 1057-1058).

As the Board's finding that claimant voluntarily withdrew from the labor market after retiring is not supported by substantial evidence, the denial of an award for causally related reduced earnings postretirement (after January 1, 2003) must be reversed.

Cardona, P.J., Rose and Kane, JJ., concur.

Carpinello, J. (concurring). I concur in the result only (*see Matter of Tipping v National Surface Cleaning Mgt., Inc.*, 29 AD3d 1200 [2006] [decided herewith], Carpinello, J., concurring).

Ordered that the decision is reversed, with costs, and matter

remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.