In the Matter of the Claim of FREDERICK LEEBER, Appellant, v LILCO et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [816 NYS2d 205]—

Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed January 21, 2005, which ruled that claimant was not entitled to workers' compensation benefits subsequent to December 11, 2002.

During claimant's many years as a maintenance supervisor employed by LILCO and its successor, he suffered exposure to

asbestos. A Workers' Compensation Law Judge (hereinafter WCLJ) found that claimant suffered from occupational asbestosis and asbestosis-related pleural disease, and that the date of disablement was November 30, 1998, the date upon which he retired at the age of 55, findings which are not in dispute in this appeal. While claimant accepted an incentive package to retire, there was evidence that his decision to retire was related to his occupational disease. Claimant has not sought work since his retirement, although the record bears evidence that he could perform sedentary work in an environment free of contaminants. The WCLJ found that claimant has a permanent partial disability, that his decision to retire was based in part on his disability, and thus, he did not voluntarily withdraw from the labor market, findings which are not challenged in this appeal. Upon LILCO's administrative appeal, the Workers' Compensation Board affirmed the decision of the WCLJ, but held that claimant would not be entitled to awards of compensation subsequent to the date on which he first testified that he had not sought any work after his retirement. Claimant appeals.

When presented with a case of this nature, the Board must engage in a three-step analysis. First, the Board must determine whether claimant's permanent partial disability caused or contributed to his decision to retire. If it did not, the Board may then conclude that claimant voluntarily withdrew from the labor market and is not entitled to continued compensation (*see e.g. Matter of Scarpelli v Bevco Trucking Corp.*, 305 AD2d 892 [2003]). Next, however, if claimant's permanent partial disability caused or contributed to his decision to retire, an inference arises that his earning capacity is reduced by the disability and claimant is entitled to compensation until the inference is removed from the case (*see Matter of Jiminez v Waldbaums*, 9 AD3d 99, 100 [2004]). The third step involves removal of the inference. That occurs only when the employer or workers' compensation carrier submits "direct and positive proof that something other than the disability was the sole cause of claimant's reduced earning capacity after retirement" (*Matter of Pittman v ABM Indus., Inc.*, 24 AD3d 1056, 1058 [2005]). Proof that the claimant has not sought work postretirement, by itself, does not defeat the inference or shift the burden to claimant to show that the disability was a cause of the reduction (*see id.* at 1058; *see also Matter of Tipping v National Surface Cleaning Mgt., Inc.*, 29 AD3d 1200 [2006] [decided herewith]). Thus, the Board erred in disallowing awards to claimant on the ground that he had not sought employment within his physical limitations postretirement.

Mercure, Crew III, Peters and Kane, JJ., concur. Ordered that

the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.