■ In the Matter of ALVIN BRYANT, Appellant-Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Respondent-Appellant. WORKERS' COMPENSATION BOARD, Respondent. [819 NYS2d 150]—

Rose, J. (1) Cross appeals from a decision of the Workers' Compensation Board, filed January 28, 2005, which ruled that claimant had involuntarily retired but that subsequent lost earnings were not causally related to claimant's work-related disability, and (2) appeal from an amended decision of said Board, filed August 26, 2005, which made a technical correction to the prior decision.

Claimant, a bus driver employed by the New York City Transit Authority (hereinafter employer), suffered an apparent seizure and blacked out while driving a bus on November 24, 1999; the bus then struck a tree, causing claimant to suffer numerous physical injuries to his head, face, arms, left hip, left knee, left foot and left wrist. Although claimant's apparent seizure prevented his return to work as a bus driver, he retrained for a position cleaning buses. He worked that job for one day, but was unable to continue with it due to his physical injuries. He then applied for, and was granted, disability retirement effective May 18, 2001, at 43 years of age, on the ground that his seizure disorder required him to refrain from operating a bus. Separately, the Workers' Compensation Board determined that claimant suffered a compensable permanent partial disability due to his physical injuries sustained as a result of the accident. When the employer later raised the issue of voluntary withdrawal from the labor market, a Board panel found that claimant's permanent partial disability had contributed to his decision to retire on May 18, 2001 and recognized that this finding "allows an inference that subsequent loss of wages is attributable to the physical limitations." However, the Board also held that claimant's May 13, 2004 testimony that he had not sought work within his physical limitations after his retirement shifted the burden back to him to show that his compensable disability was still a cause of his continued loss of earnings and, since he did not meet this burden, his lost earnings from May 13, 2004 were deemed to be attributable to his failure to seek work. Claimant and the self-insured employer both appeal.

The employer's contention that claimant retired because of his noncompensable seizure disorder alone, and not at all due to the compensable physical injuries, is unavailing. Retirement is not voluntary if a compensable permanent partial disability was a factor that contributed to a claimant's decision to retire (see *Matter of Price v Hudson Correctional Facility*, 24 AD3d 820, 821 [2005]; *Matter of Yannucci v Consolidated Freightways*, 6 AD3d 945, 946 [2004]). Whether a claimant's retirement was

voluntary is a factual determination to be made by the Board, and its determination will be upheld if supported by substantial evidence (*see Matter of Stagnitta v Consolidated Edison Co. of N.Y.*, 24 AD3d 1099, 1100 [2005]; *Matter of Yannucci v Consolidated Freightways, supra* at 946; *Matter of De Simone v Consolidated Edison Co. of N.Y.*, 309 AD2d 1032, 1032-1033 [2003]), even if there is evidence that would support a contrary result (*see Matter of Stagnitta v Consolidated Edison Co. of N.Y., supra* at 1100; *Matter of De Simone v Consolidated Edison Co. of N.Y., supra* at 1033). Here, substantial evidence in support of the Board's determination is found in claimant's testimony that he decided to retire because the employer no longer allowed him to drive a bus and his physical injuries made him unable to perform the duties of the only other job offered to him by the employer.

The Board erred, however, by then shifting the burden to claimant and requiring him to demonstrate his entitlement to benefits after his retirement. The Board's finding of claimant's involuntary retirement due to the permanent partial disability gives rise to an inference that his postretirement loss of earnings was due to that disability (*see* Workers' Compensation Law § 15 [3] [w]; *Matter of Pittman v ABM Indus., Inc.*, 24 AD3d 1056, 1057-1058 [2005]; *Matter of Dudlo v Polytherm Plastics*, 125 AD2d 792, 793 [1986]). This inference is rebuttable by "direct and positive proof that something other than the disability was the sole cause of claimant's reduced earning capacity after retirement" (*Matter of Pittman v ABM Indus. Inc., supra* at 1058; *see Matter of Dudlo v Polytherm Plastics, supra* at 793; *Matter of Mazziotto v Brookfield Constr. Co.*, 40 AD2d 245, 247 [1972]). Only when the inference is rebutted does the burden shift to claimant to demonstrate that the disability was a cause of the reduction or loss in earnings (*see Matter of Pittman v ABM Indus., Inc., supra* at 1058).

In view of the Board's finding that claimant's failure to seek employment after retiring caused his subsequent lost earnings, we emphasize that "[p]roof that the claimant has not sought work postretirement, by itself, does not defeat the inference or shift the burden to claimant to show that the disability was a cause of the reduction [in earnings]" (*Matter of Leeber v LILCO*, 29 AD3d 1198, 1199 [2006]; *accord Matter of Tipping v National Surface Cleaning Mgt. Inc.*, 29 AD3d 1200 [2006]; *Matter of Pepe v City & Suburban*, 29 AD3d 1184 [2006]). Thus, the Board erred in disallowing awards to claimant on the ground that, after retiring, he had not sought any employment.

To the extent that the employer contends in the alternative

that claimant's noncompensable seizure disorder is the reason that he was unable to work after May 13, 2004 and this suffices to overcome the inference, we note that the Board made no such finding and did not rest its denial of benefits on this ground (*see e.g. Matter of Pugliese v Remington Arms*, 293 AD2d 897, 898-899 [2002]).

Mercure, J.P., Carpinello, Mugglin and Kane, JJ., concur. Ordered that the decision and amended decision are reversed, with costs to claimant, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.