■ In the Matter of the Claim of BRENDA PECK, Appellant, v JAMES SQUARE NURSING HOME et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [823 NYS2d 630]—

Spain, J. Appeal from a decision of the Workers' Compensation Board, filed March 14, 2005, which, inter alia, rescinded awards pending claimant's production of documentary proof of attachment to the labor market.

Claimant sustained a compensable injury to her right leg in 1992 and a consequential back injury thereafter. In a decision after a hearing in August 1995, a Workers' Compensation Law Judge (hereinafter WCLJ) found claimant to have a permanent partial disability, and directed payment at the permanent rate of $114 per week. In July 2003 and January 2004, the employer's workers' compensation carrier requested information regarding claimant's search for work within her medical restrictions and, when such information was not produced, the carrier submitted a request for further action to determine whether there had been a voluntary removal from the labor market. A WCLJ directed claimant to submit a record of her job search for employment within her medical restrictions to the carrier. Following claimant's failure to timely comply with that directive, and after a hearing at which virtually no evidence was adduced regarding claimant's search for employment, compensation was directed to continue at the tentative rate of $114 per week. The carrier sought review of that decision before the Workers' Compensation Board. The Board reversed the decision of the

WCLJ on the ground that claimant had an obligation to seek work within her medical restrictions and suspended compensation, without prejudice, pending claimant's production of evidence of her job search. Claimant appeals, and we affirm.

Where a claimant has a permanent partial disability but there has been no finding of involuntary retirement, the claimant has an obligation to demonstrate attachment to the labor market with evidence of a search for employment within medical restrictions (*see Matter of Rothe v United Med. Assoc.*, 18 AD3d 1093 [2005]; *Matter of Capezzuti v Glens Falls Hosp.*, 282 AD2d 808, 810 [2001]; *Matter of Dudlo v Polytherm Plastics*, 125 AD2d 792, 793-794 [1986]; *compare Matter of Bryant v New York City Tr. Auth.*, 31 AD3d 936 [2006]; *Matter of Tipping v National Surface Cleaning Mgt., Inc.*, 29 AD3d 1200 [2006]; *Matter of Leeber v LILCO*, 29 AD3d 1198 [2006]; *Matter of Pepe v City & Suburban*, 29 AD3d 1184 [2006]; *Matter of Pittman v ABM Indus., Inc.*, 24 AD3d 1056, 1057-1058 [2005] [finding of involuntary retirement due to permanent partial disability gives rise to rebuttable inference that reduction in earnings was due to permanent partial disability]; *Matter of Jiminez v Waldbaums*, 9 AD3d 99, 100 [2004]). Here, because there was no finding that claimant had involuntarily retired, the Board did not err in requiring her to demonstrate a search for employment within her medical restrictions.

Cardona, P.J., Peters, Mugglin and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.