■ In the Matter of the Claim of GEORGE D. HARCHAR, Appellant, v SARKISIAN BROTHERS, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [862 NYS2d 410]—

Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed April 26, 2006, which ruled that claimant was not entitled to an award of reduced earnings subsequent to August 24, 2004.

In 1987, claimant suffered an injury to his back during the course of his employment. After back surgery in 1993, his claim for workers' compensation benefits was established and his average weekly wage was set, although claimant was able to return to work. Claimant was subsequently found to have a permanent partial disability and was awarded benefits for reduced earnings until 1998. In 1998, claimant was working as a full-time supervisor for Garbade Construction, earning $800 per week, more than his average weekly wage of $733.69. On August 28, 2004, claimant was laid off by Garbade and found another job in November 2004, which paid $300 per week. Claimant subsequently applied for reduced earnings benefits and, following a hearing and a determination by the Workers' Compensation Board that discharged the employer and held the Special Funds Conservation Committee liable in this matter, the Workers' Compensation Law Judge found that claimant was entitled to reduced earnings benefits subsequent to August 24, 2004. Upon review, the Board concluded that claimant's reduction in earnings was not related to his established injury and denied benefits. Claimant now appeals.

Although claimant's established permanent partial disability gives rise to an inference that his subsequent reduction in wages is attributable to his disability, such an inference is negated by proof that the wage reduction was solely due to economic causes (see Matter of La Pietra v County of Suffolk, 294 AD2d 794, 794 [2002]; Matter of Meisner v United Parcel Serv., 243 AD2d 128, 130 [1998], lv dismissed 93 NY2d 848 [1999], lv denied 94 NY2d 757 [1999]). Here, claimant testified that he was laid off from his job at Garbade, along with several other employees, due to economic difficulties at that company. While claimant contends that he was also unable to continue performing his assigned tasks at that time, there is no evidence that he sought medical attention for his established injury from 1998 until the termination of his employment in August 2004.

As proof was submitted that his reduction in wages in 2004 was caused solely by economic reasons, claimant had the burden of establishing that his disability was the cause of his reduced earning capacity (*see Matter of Pittman v ABM Indus., Inc.*, 24 AD3d 1056, 1058 [2005]; *Matter of Dudlo v Polytherm Plastics*, 125 AD2d 792, 793 [1986]). Claimant did not meet his burden. Although claimant testified in general terms concerning his attempts to find more lucrative work through his union, there was insufficient proof that he had discussed his disability with prospective employers or that he was denied employment due to his disability (*see Matter of Dudlo v Polytherm Plastics*, 125 AD2d at 793-794). Insofar as substantial evidence supports the Board's determination that claimant's reduced earning capacity was not attributable to his disability, it will not be disturbed (*see Matter of Millner v Cablevision*, 2 AD3d 1146, 1147 [2003]).

Mercure, J.P., Rose, Kavanagh and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.