In the Matter of the Claim of OWEN F. BURNS, Respondent, v TOWN OF COLONIE et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [890 NYS2d 650]—

Stein, J. Appeal from a decision of the Workers' Compensation Board, filed April 2, 2008, which, among other things, ruled that claimant was entitled to reduced earnings benefits subsequent to November 3, 2004.

Claimant, a police officer, sustained multiple injuries in a work-related automobile accident in January 2000 and was awarded accidental disability retirement benefits and workers' compensation benefits. In July 2004, claimant was classified as permanently partially disabled by the Workers' Compensation Board. Thereafter, with the consent of the employer's workers' compensation carrier (*see* Workers' Compensation Law § 29 [5]), claimant settled a third-party negligence action against the driver of the vehicle that struck his police car. As a result of the settlement, the carrier accrued a credit against payment of future benefits to claimant (*see* Workers' Compensation Law § 29 [4]; *see generally Burns v Varriale*, 34 AD3d 59 [2006], *affd* 9 NY3d 207 [2007]) and has not made any payments to claimant since November 3, 2004.

In this proceeding, claimant asserts an entitlement to workers' compensation benefits beyond that date. Following a hearing on the issue, a Workers' Compensation Law Judge determined that claimant was not eligible for further benefits because he had not sustained a sufficient attachment to the labor market. Upon review, a panel of the Workers' Compensation Board reversed and a request from the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) for full Board review was denied. This appeal ensued.

We affirm. Claimant's involuntary retirement and status as permanently partially disabled are not in dispute; thus, "an inference arises that his earning capacity is reduced by [his] disability and claimant is entitled to compensation until the inference is removed from the case" (*Matter of Leeber v LILCO*, 29 AD3d 1198, 1199 [2006]). In order to remove the inference, the carrier must submit "direct and positive proof that something other than the disability was the sole cause of claimant's reduced earning capacity after retirement" (*Matter of Pittman v ABM Indus., Inc.*, 24 AD3d 1056, 1057-1058 [2005]).

Here, claimant testified that he has performed work as an accident investigator for insurance companies and attorneys since his retirement. Contrary to the carrier's assertion, claimant's failure to advertise or seek work other than by word of mouth is not sufficient to defeat the inference and the burden of proving that his reduced earning capacity is a result of his disability never shifted to claimant (*see Matter of Leeber v LILCO*, 29 AD3d at 1199). In any event, claimant also testified that the injuries he sustained in the accident prevent him from working for extended periods of time. Evidence in the record supports such testimony, indicating that claimant sought regular medical attention—from the time of the accident until 2007—for neck and back pain that limits his ability to work. Accordingly, the Board's decision is supported by substantial evidence and we decline to disturb it.*

Cardona, P.J., Peters, Lahtinen and Malone Jr., JJ., concur. Ordered that the decision is affirmed, without costs.

---

* We note that, until the carrier's credit from claimant's third-party settlement is exhausted, it is only responsible for 34.82% of any benefit that claimant is owed (*see Burns v Varriale*, 34 AD3d at 65-66).