■ In the Matter of WILLIAM MISTOFSKY, Respondent, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [890 NYS2d 176]—

Cardona, P.J.

Claimant began working for the employer in 1950 and, in the course of his duties, was exposed at various times to asbestos. In 1994, claimant was terminated from his employment for misconduct but his employment was reinstated as the result of an arbitrator's ruling. Thereafter, claimant testified that he stopped working for the employer in June 1996 due to breathing problems[1] and began working for a different employer on a part-time basis as a messenger at a reduced hourly wage. Claimant filed a claim for workers' compensation benefits in November 1996 asserting that he contracted asbestosis in the course of his work for the employer.

Thereafter, after numerous medical examinations and hearings, in a March 19, 2003 decision, a Workers' Compensation Law Judge (hereinafter WCLJ) established the claim for the occupational diseases of pulmonary asbestosis and asbestos-related pleural disease, classified claimant with a permanent partial disability and set December 7, 1998 as the date of disablement. The WCLJ also found that claimant did not voluntarily withdraw from the labor market and made reduced earnings awards. In a decision filed January 7, 2004, the Workers' Compensation Board specifically noted that the employer failed to produce evidence before the WCLJ controverting claimant's testimony to the effect that the reason he stopped working for the employer in June 1996 was because of breathing difficulties. The matter proceeded for further development of the causal relationship between the occupational disease and claimant's post-retirement reduced earnings, as well as the amount of said earnings. The employer's request for full Board review of that decision was denied and no appeal was pursued.

Subsequently, in August 2006, after further development of the record, the WCLJ found, among other things, that, per the

---

1. In July 1996, after the date that claimant testified he left his job with the employer for health reasons, a federal court vacated the arbitrator's award in claimant's favor and determined that the 1994 termination was proper.

prior March 19, 2003 decision, claimant was entitled to reduced earnings benefits subsequent to December 1998 as a result of his established occupational disease. In a May 2007 decision, the Board concluded, among other things, that reduced earnings awards were proper. The employer and its third-party administrator (hereinafter collectively referred to as the employer) now appeal.

Contrary to the employer's argument, the inquiry as to whether claimant's withdrawal from the labor market in June 1996 was involuntary is not before us inasmuch as no appeal from the January 2004 decision was taken (*see Matter of Zimmerman v Quality Inn*, 25 AD3d 829, 830 [2006]), and the Board's refusal to reconsider that issue[2] was not an abuse of discretion (*see Matter of Cipriano v Onondaga County Corrections*, 60 AD3d 1120, 1121 [2009]). Consequently, claimant's involuntary retirement in June 1996 "gave rise to an inference that the subsequent reduction in earnings [as a messenger] was due to claimant's permanent partial disability" (*Matter of Pittman v ABM Indus., Inc.*, 24 AD3d 1056, 1057-1058 [2005]). In order to defeat that inference, the employer was required to "demonstrate that something other than the disability was the sole cause of claimant's reduced earning capacity after retirement" (*Matter of Pepe v City & Suburban*, 29 AD3d 1184, 1185 [2006] [internal quotation marks and citation omitted]; *see generally Matter of Harchar v Sarkisian Bros., Inc.*, 53 AD3d 986 [2008]).

Here, we conclude that the Board's determination that the employer did not defeat the inference and, therefore, that claimant is entitled to reduced earnings is supported by substantial evidence. Notably, in finding proof of a causal relationship between claimant's disability and his reduced postretirement earnings, the Board relied on various evidence, including the medical reports and deposition testimony of three physicians who all concurred that claimant suffered from some form of asbestos-related pulmonary disease. While the employer's efforts to defeat the inference were hampered to some extent by claimant's established inability to provide further testimony due to debilitating health conditions, the record, nonetheless, supports the Board's conclusion that there was no "direct and positive proof [submitted] that something other than the [claimant's] disability was the *sole* cause of [his]

---

**2.** In the May 2007 decision, the Board specifically noted its previous conclusion that "claimant did not voluntarily withdraw from the labor market when he retired in June 1996. Full Board review of that decision was denied, and the Board [p]anel will not consider that issue."

reduced earning capacity after retirement" (*see Matter of Pittman v ABM Indus.*, 24 AD3d at 1058 [emphasis added]).

The remaining issues raised by the employer have been examined and found to be unpersuasive.

Peters, Lahtinen, Kane and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.

