■ In the Matter of the Claim of KATHLEEN DROGE, Appellant, v COSTCO PRICE CLUB et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [911 NYS2d 505]—

Spain, J.P. Appeal from a decision of the Workers' Compensation Board, filed February 8, 2010, which ruled that claimant voluntarily withdrew from the labor market.

In 1998, claimant was classified as permanently partially disabled due to a compensable neck injury and left carpal tunnel syndrome. In 2003, further hearings were held with regard to

claimant's neck. She has not worked since that time and, in 2009, the employer's workers' compensation carrier submitted a request for further action to determine whether claimant was seeking employment within her medical restrictions. Following a hearing on the issue, a workers' compensation law judge denied the carrier's application to suspend benefits, concluding that the carrier failed to prove that claimant's unemployment was voluntary or otherwise unrelated to her disability. Upon review, the Workers' Compensation Board reversed. Claimant appeals.

We affirm. Here, claimant had an obligation to demonstrate an attachment to the labor market by evidence of a search for employment within medical restrictions (*see Matter of Peck v James Sq. Nursing Home*, 34 AD3d 1033, 1034 [2006]; *cf. Matter of Pittman v ABM Indus., Inc.*, 24 AD3d 1056, 1058 [2005]). Claimant admitted that she had not engaged in a search for employment of any kind—or even discussed returning to work with any of her doctors—since 2003. Accordingly, the Board's decision that claimant voluntarily withdrew from the labor market is supported by substantial evidence and we decline to disturb it (*see Matter of White v Herman*, 56 AD3d 872, 873-874 [2008]).

Finally, under these circumstances, we cannot agree with claimant's assertion that the parties' stipulation—in 1998—to her permanent partial disability classification precludes the Board's subsequent inquiry into her entitlement to ongoing benefits (*see generally id.*).

Kavanagh, Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.