■ In the Matter of the Claim of SANDRA R. FUNKE, Appellant, v EASTERN SUFFOLK BOCES et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [915 NYS2d 677]—

---

Mercure, J. Appeal from an amended decision of the Workers' Compensation Board, filed December 30, 2009, which ruled that claimant had involuntarily retired but that subsequent lost earnings were not causally related to claimant's work-related disability.

Claimant, a former teacher's assistant for special needs students, sustained a work-related injury to her neck, back and shoulder when she was assaulted by a student in 2005. She was awarded workers' compensation benefits and returned to work a month later. In 2007, the claim was amended to include consequential post-traumatic stress disorder, and claimant was subsequently awarded benefits for six days of intermittent lost time between February 2006 and June 2008. She retired in March 2009, but continued to work sporadically for the employer as a substitute teacher's assistant. The Workers' Compensation Board ultimately denied her application for post-retirement benefits. Although the Board determined that claimant's retirement was involuntary—that is, causally related to her disability—it further concluded that her subsequent loss of earnings was due to unrelated factors not caused by her disability. Claimant appeals, and we now reverse and remit.

Initially, we note that this Court has "long held that a retirement is an involuntary withdrawal if the claimant's disability caused or contributed to the decision to retire" (*Matter of Pittman v ABM Indus., Inc.*, 24 AD3d 1056, 1057 [2005]; *see Matter of Yamonaco v Union Carbide Corp.*, 42 AD2d 1014, 1014 [1973]; *see also Burns v Varriale*, 9 NY3d 207, 216 [2007]). Here, the Board credited claimant's testimony that she retired due to pain caused by her disability. That testimony provides substantial evidence to support the Board's initial finding that "claimant's retirement was causally related as she was not able to continue working in the same capacity for the employer"—i.e., that her retirement was involuntary (*see Matter of Bryant v New York City Tr. Auth.*, 31 AD3d 936, 937-938 [2006]; *Matter of Pittman v ABM Indus. Inc.*, 24 AD3d at 1057).

Upon a finding of involuntary retirement, "an inference arises that . . . earning capacity is reduced by the disability and claimant is [therefore] entitled to compensation until the inference is removed from the case" (*Matter of Leeber v LILCO*, 29 AD3d 1198, 1199 [2006]; *accord Matter of Burns v Town of Colonie*, 66 AD3d 1068, 1069 [2009]; *cf. Matter of Peck v James Sq. Nursing Home*, 34 AD3d 1033, 1034 [2006]). Moreover, once

"the withdrawal [is] found to be involuntary, . . . it become[s] inherently inconsistent to hold that a claimant is obligated to search for work within medical limitations" (*Matter of Laing v Maryhaven Ctr. of Hope*, 39 AD3d 1125, 1126 [2007], *lv denied* 9 NY3d 805 [2007]; *see Matter of Jiminez v Waldbaums*, 9 AD3d 99, 100 [2004]). Thus, this Court has repeatedly "emphasize[d] that '[p]roof that the claimant has not sought work postretirement, by itself, does not defeat the inference or shift the burden to claimant to show that the disability was a cause of the reduction [in earnings]' " (*Matter of Bryant v New York City Tr. Auth.*, 31 AD3d at 938, quoting *Matter of Leeber v LILCO*, 29 AD3d at 1199; *see Matter of Tipping v National Surface Cleaning Mgt., Inc.*, 29 AD3d 1200, 1200-1201 [2006]). Rather, "the workers' compensation carrier must demonstrate that something other than the disability was the sole cause of claimant's reduced earning capacity after retirement, such as age, economic conditions or other factors unrelated to the disability" (*Matter of Pepe v City & Suburban*, 29 AD3d 1184, 1185 [2006] [internal quotation marks and citations omitted]; *see Matter of La Pietra v County of Suffolk*, 294 AD2d 794, 795 [2002]; *Matter of Dudlo v Polytherm Plastics*, 125 AD2d 792, 793 [1986]).

Here, claimant testified that she had returned to work as a substitute teacher's aide on an intermittent basis after retiring, signing up for work only when she felt well enough to do so. The Board relied upon this testimony in determining that her postretirement loss of earnings was due to unrelated factors not caused by her disability, evidently concluding that because claimant chose the days and classes that she would work, her reduction in earnings was unrelated to her disability. As noted above, however, the failure to seek additional work does not defeat the inference that arises upon a finding of involuntary retirement or constitute proof that something other than the disability is the cause of a claimant's reduced earnings (*see Matter of Burns v Town of Colonie*, 66 AD3d at 1070; *Matter of Pepe v City & Suburban*, 29 AD3d at 1185-1186; *see also Matter of Meisner v United Parcel Serv.*, 243 AD2d 128, 131 [1998], *lv dismissed* 93 NY2d 848 [1999], *lv denied* 94 NY2d 757 [1999]). Accordingly, in the absence of any "direct and positive proof that something other than the disability was the sole cause of claimant's reduced earning capacity after retirement" (*Matter of Pittman v ABM Indus., Inc.*, 24 AD3d at 1058), we conclude that the Board's determination is not supported by substantial evidence.

Cardona, P.J., Malone Jr., Stein and Garry, JJ., concur. Ordered that the amended decision is reversed, with costs, and matter

remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.