■ In the Matter of the Claim of JOHN COYLE, Appellant, v MIDWEST STEEL et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [935 NYS2d 694]—

Malone Jr., J.

Claimant, an ironworker, sustained a work-related injury to his left knee in 1998 and was awarded workers' compensation benefits. Ultimately, claimant underwent multiple knee and hip replacement surgeries, and consequential compensable injuries to his back and right hip were established. Claimant returned to light-duty work as a shop steward in June 2009, but that job was eliminated in August 2009. At that time, claimant was offered a full-duty position as an ironworker, but he felt that he could not accept the position due to his medical restrictions, so

he retired. The payment of workers' compensation benefits continued to claimant until December 2009, when the employer's workers' compensation carrier raised the issue of claimant's voluntary removal from the labor market. In decisions filed in December 2009 and February 2010, a Workers' Compensation Law Judge determined that claimant had involuntarily retired due to a causally related disability and was entitled to continued benefits. On review, the Workers' Compensation Board affirmed the December 2009 decision, but reversed the February 2010 decision, denying further benefits due to claimant's failure to maintain a sufficient attachment to the labor market subsequent to December 12, 2009. Claimant now appeals.*

We reverse. "[A] retirement is an involuntary withdrawal if the claimant's disability caused or contributed to the decision to retire" (*Matter of Pittman v ABM Indus., Inc.*, 24 AD3d 1056, 1057 [2005]; *accord Matter of Funke v Eastern Suffolk BOCES*, 80 AD3d 971, 972 [2011]). Here, the Board credited the medical evidence and claimant's testimony that he retired due to his causally related disability. Accordingly, we conclude that the Board's finding that claimant's retirement in August 2009 was involuntary is supported by substantial evidence (*see Matter of Funke v Eastern Suffolk BOCES*, 80 AD3d at 972; *Matter of Bryant v New York City Tr. Auth.*, 31 AD3d 936, 937-938 [2006]).

The Board's finding that claimant's retirement was involuntary "gave rise to an inference that his reduced earning capacity continued after retirement" (*Matter of Tipping v National Surface Cleaning Mgt., Inc.*, 29 AD3d 1200, 1201 [2006]; *see Matter of Leeber v LILCO*, 29 AD3d 1198, 1199 [2006]). That inference is removed only by "direct and positive proof that something other than the disability was the sole cause of claimant's reduced earning capacity after retirement" (*Matter of Pittman v ABM Indus., Inc.*, 24 AD3d at 1058). Further, "[p]roof that the claimant has not sought work postretirement, by itself, does not defeat the inference or shift the burden to [the] claimant to show that the disability was a cause of the reduction" (*Matter of Leeber v LILCO*, 29 AD3d at 1199; *accord Matter of Bryant v New York City Tr. Auth.*, 31 AD3d at 938). Rather, the employer or workers' compensation carrier "must demonstrate that something other than the disability was the sole cause of claimant's reduced earning capacity after retirement, such as age, economic conditions or other factors unre-

---

* Claimant's pro se notice of appeal refers to an incorrect date of filing of the Board's decision. Because there has been no claim of prejudice, we will disregard the error and address the merits of claimant's appeal (*see* CPLR 5520 [c]).

lated to the disability" (*Matter of Pepe v City & Suburban*, 29 AD3d 1184, 1185 [2006] [internal quotation marks and citations omitted]).

Here, the Board relied solely on the fact that claimant failed to actively search for employment or avail himself of any employment services after retirement in denying him further benefits. Given the lack of any proof by the employer that something other than claimant's disability was the sole cause of his reduced earnings after retirement, we conclude that the Board's determination denying claimant further benefits is not supported by substantial evidence and must be reversed (*see Matter of Funke v Eastern Suffolk BOCES*, 80 AD3d at 973; *Matter of Bryant v New York City Tr. Auth.*, 31 AD3d at 938; *Matter of Pittman v ABM Indus., Inc.*, 24 AD3d at 1058).

Peters, J.P., Stein, Garry and Egan Jr., JJ., concur. Ordered that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.