Garry, J.
Appeal from a decision of the Workers’ Compensation Board, filed June 22, 2011, which ruled that claimant had involuntarily retired.
Claimant, a heavy truck mechanic and equipment operator, successfully applied for workers’ compensation benefits after he injured his back while swinging a sledgehammer. He required back surgery for his condition in 2009 and missed several months of work, but returned to work without restrictions. Nevertheless feeling that he could no longer perform his duties, claimant retired when he became eligible for Social Security retirement benefits in 2010 and sought a continuing award of lost time benefits. The self-insured employer and its third-party administrator objected and argued, among other things, that he had voluntarily withdrawn from the labor market. A Workers’ Compensation Law Judge thereafter found that claimant’s injuries constituted a permanent partial disability, but that he was not entitled to continued benefits due to his voluntary withdrawal from the labor market. Upon review, the Workers’ Compensation Board found that claimant had involuntarily retired and awarded continuing benefits. The employer and administrator appeal.
Substantial evidence supports the Board’s findings that claimant’s disability “caused or contributed to the decision to retire” and, further, played a role in his ongoing loss of wages (Matter of Pittman v ABM Indus., Inc., 24 AD3d 1056, 1057 [2005]; accord Matter of Coyle v Midwest Steel, 90 AD3d 1358, 1359 [2011]; see Matter of Zamora v New York Neurologic Assoc., 19 NY3d 186, 191-192 [2012]). Claimant testified that he had no intention of retiring for several more years, but found himself physically unable to perform the work demanded of him despite informal accommodations made by his supervisor and coworkers. While his doctors did not specifically advise him to retire, they were unenthusiastic about his returning to work after surgery and supported his eventual decision to retire. Indeed, his chiropractor ordered him to stop working before his actual retirement date, and his orthopedic surgeon stated in no uncertain terms that he would not “return! ] to work activity” due to *1130 his disability. We will accordingly not disturb the Board’s decision to award ongoing benefits (see Matter of Zamora v New York Neurologic Assoc., 19 NY3d at 192-193; Matter of Pulcastro v N & S Supply Co., 270 AD2d 737, 738-739 [2000]; Matter of Coyle v Intermagnetics Corp., 267 AD2d 621, 622-623 [1999]).
Peters, EJ., Rose, Spain and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.