Rose, J.P.
Appeal from a decision of the Workers’ Compensation Board, filed September 21, 2011, which ruled, among other things, that claimant had involuntarily retired.
Claimant worked for the employer for more than 26 years as a mechanic rebuilding engines and fuel systems on heavy diesel equipment. In February 2010, while tightening a leaking hose clamp on a cooling system, the hose broke free and sprayed claimant with scalding hot water, causing second degree burns to his face, ear, neck, chest and stomach. Attempting to get away, claimant tripped and fell, tearing a muscle in his arm and striking his head. Due to his various injuries, including a diagnosis of post-concussion syndrome, claimant was unable to return to work until May 2010. After returning to work with restrictions, claimant felt that he could no longer safely perform his duties, and he retired that same month. Claimant then sought workers’ compensation benefits. Contending that claimant’s retirement was a voluntary withdrawal from the labor market, the employer and its workers’ compensation carrier (hereinafter collectively referred to as the carrier) controverted the claim. The Workers’ Compensation Board established the claim and awarded continuing benefits, giving rise to this appeal.
Whether a retirement or withdrawal from the labor market is voluntary is a factual determination to be made by the Board, and its decision will be upheld when supported by substantial evidence (see Matter of Griffin v Town of Dewitt, 100 AD3d 1129, 1129 [2012]; Matter of Richardson v Schenectady City School Dist., 96 AD3d 1335,1335 [2012]). Here, the Board found that claimant credibly testified that he returned to work but was having problems with concentration and memory, which caused him difficulty with reassembling engines. Claimant therefore decided to retire because he was afraid that either he or someone else might be injured as a result. Claimant testified further that when he returned to work, the employer would not allow him to reconnect engines, and his supervisor was told to watch over claimant to make sure he did not hurt himself. Moreover, the employer’s notice of retirement stated that claimant would be rehired “with some reservation” due to “risk of injury.” Finally, claimant’s treating neurologist opined that he was unable to return to his regular work due to symptoms from his head injury and that, despite continued treatment, his condition had not significantly improved. Accordingly, substantial evidence supports the Board’s determination that claimant’s disability contributed to his decision to retire and, thus, it was *1086 not voluntary (see Matter of Griffin v Town of Dewitt, 100 AD3d at 1129-1130).
As the Court of Appeals held in Matter of Zamora v New York Neurologic Assoc. (19 NY3d 186 [2012]), when a finding is made that a claimant has involuntarily withdrawn from the labor market, the Board may draw an inference that his or her reduced future earnings resulted from the disability. While causation may be inferred, the inference does not rise to the level of a presumption in the claimant’s favor. Here, claimant offered direct evidence to establish that his disability was the cause of his continuing reduced earnings, and the carrier failed to come forward with controverting evidence. As the determination to award claimant continuing benefits was based on a factual finding of causation, we find no violation of the holding in Zamora. Nor do we find any merit to the carrier’s claim that Zamora requires the Board to make a distinction between temporary and permanent disabilities when determining whether a retirement is voluntary or involuntary (see e.g. Matter of Fallon v Syracuse City School Dist., 77 AD3d 997, 998-999 [2010]).
Stein, Spain and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.