Lynch, J.
Appeal from a decision of the Workers’ Compensation Board, filed June 26, 2013, which ruled, among other things, that claimant had involuntarily retired.
Claimant had worked for the employer as a bank teller for 22 years when she sustained a work-related injury to her back in 2009. She never returned to work and her claim for workers’ compensation benefits was established. Claimant retired in 2012 and was found to have a permanent impairment of 75%. Issues of attachment to the labor market and loss of wage earning capacity were raised and the Workers’ Compensation Board ultimately determined that claimant had involuntarily retired and had a 99% loss of wage earning capacity. The employer and its workers’ compensation carrier now appeal.
We affirm. “Whether a retirement or withdrawal from the labor market is voluntary is a factual determination to be made by the Board, and its decision will be upheld when supported *1294 by substantial evidence” (Matter of Ballou v Southworth-Milton, Inc., 107 AD3d 1084, 1085 [2013] [citation omitted]; see Matter of Griffin v Town of Dewitt, 100 AD3d 1129, 1129 [2012]). A retirement is involuntary when the claimant’s disability caused or contributed to the retirement (see Matter of Lombardo v Otsego County Empls., 125 AD3d 1079, 1080 [2015]; Matter of Coyle v Midwest Steel, 90 AD3d 1358, 1359 [2011]). Here, claimant testified that being a bank teller was the only job that she had ever had and that she could not return to work because she was unable to perform her job duties as a result of her injuries. Further, medical evidence in the record reflects that, on account of her injuries, claimant could not sit or stand for prolonged periods of time and could not lift more than 15 pounds. In light of the foregoing, substantial evidence supports the Board’s determination that claimant’s disability caused or contributed to her retirement (see Matter of Coyle v Midwest Steel, 90 AD3d at 1359; Matter of Funke v Eastern Suffolk BOCES, 80 AD3d 971, 972 [2011]).
In establishing claimant’s loss of wage earning capacity, the Board properly considered her functional limitations, the fact that she only possessed a high school education, as well as her age, her limited work experience and her 75% permanent impairment (see Matter of Cameron v Crooked Lake House, 106 AD3d 1416, 1416 [2013], lv denied 22 NY3d 852 [2013]; see also Employer: We Care Transportation, Inc., 2014 WL 3752256, *2, 2014 NY Wrk Comp LEXIS 04845, *5-6 [WCB No. 8050 1872, Jul. 25, 2014]; New York State Guidelines for Determining Permanent Impairment and Loss of Wage Earning Capacity at 47-49 [2012]). Accordingly, we find that the Board’s establishment of a 99% loss of wage earning capacity is supported by substantial evidence and it will not be disturbed.
Lahtinen, J.P., Garry and Clark, JJ., concur. Ordered that the decision is affirmed, without costs.